## No. 17,978.

ARMS ROOFING COMPANY, INC. *v.* BERT A. PETRIE, ET AL.

(314 P. [2d] 903)

Decided September 3, 1957.

Messrs. GELT & GROSSMAN, Mr. SIDNEY H. TELLIS, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, Arms Roofing Company, Inc., will be referred to herein as Arms; defendants in error, Bert A. Petrie and Irene Petrie, as Petries and Allied Building Credits, Inc., as Allied.

Allied, as a holder in due course, commenced action against the Petries on a promissory note dated November 18, 1953, executed by the Petries and payable in installments to the order of Arms. The note originally had been given by the Petries as payment for a new roof on their home and was later assigned by Arms without recourse to Allied. The Petries secured an ex parte order of court to join Arms as a "third party defendant" under R.C.P. Rule 14 (a) alleging duress in the execution of the note and demanding judgment against Arms for all sums Petries may be adjudged to pay Allied. The demand is considered as one for "damages" as alleged by Petries. At the commencement of the trial Arms moved that the third party complaint be stricken, which motion was denied. The case was tried to a jury which, based upon an admission of no valid defense by Petries, followed by a directed verdict, found for Allied and the jury then proceeded to return a verdict in favor of the Petries against Arms. This verdict fixed no amount which the Petries were entitled to recover from Arms, however the court received and accepted it, discharged the jury and entered an order directing judgment against Arms in the amount of $353.70 and costs. An order dispensing with the necessity of filing a motion for a new trial was entered and

Arms' motion for judgment *non obstante verdicto* and for other relief was denied. Petries and Allied have entered no appearances and filed no briefs in this court and Arms is here by writ of error.

Arms urges for reversal that:

1. The trial court erred in denying the motion to strike the third party complaint.

2. The evidence did not establish any claim whatsoever against Arms.

3. Because the verdict against Arms did not fix the amount thereof, the trial court had no power to enter judgment against Arms.

Since the first point governs the matter we need not consider the other points urged.

## QUESTION TO BE DETERMINED.

MAY THE MAKERS OF A PROMISSORY NOTE, WHEN SUED BY A HOLDER IN DUE COURSE, FILE A THIRD PARTY COMPLAINT UNDER RULE 14 (a) R.C.P., AGAINST THE ORIGINAL PAYEE WHO TRANSFERRED THE NOTE BEFORE MATURITY WITHOUT RECOURSE?

■ This question is answered in the negative. The pertinent part of Rule 14 (a) provides: "(a) When Defendant May Bring in Third Party. Before the filing of his answer a defendant may move ex parte or, after the filing of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* * * *." (Emphasis supplied.)

Though Rule 14 (a) has not been heretofore construed in this particular, it is almost identical with Rule 14 (a) of the Federal Rules of Civil Procedure which has been interpreted in similar cases. In considering its application to the facts here we point out that Allied received the note in due course for value and that it was assigned without recourse and without notice. Allied therefore

was a holder free from any defenses which the Petries may have had against Arms. The admission of Allied confirmed this.

██ The facts thus show that the claim for damages by Petries against Arms was independent and apart from the claim of Allied as a holder in due course of a negotiable promissory note. The result of a trial between Petries and Arms could not affect Allied's right to a judgment against Petries on the note, nor could it form the basis of a judgment for Allied against Arms. A fortiori the third party complaint injected into the case controversies which had nothing to do with Allied's claims.

In *United States v. Dubrowolski* (U.S. Dist. Ct. D. Maryland 1954), 16 F.R.D. 134, 136, the facts were similar to those here and the court said in part:

"The underlying purpose of this Rule (14 (a)) is to consolidate suits that should be tried together, in the interest of saving the time of the courts, parties and witnesses, and avoiding unnecessary expense. But the Rule is not intended to be used as a means for trying, in the same proceeding, two separate and distinct causes of action. Here the Government is suing on the note as a holder of it with title derived from a holder in due course, namely, the savings bank, and as one that has not been a party to any fraud or illegality affecting the instrument, and thus has all the rights of the former holder in due course in respect of all parties prior to the latter. Uniform Negotiable Instruments Act, Art. 13, Ann. Code of Md. 1951, Sec. 78. The Government was not a party to the contract between the defendants and Henderson. Whether Henderson, as payee of the note, is entitled to be paid or whether the makers of the note, the defendants, have a good defense against payment, whether it be fraud or what not, on the part of the payee, are questions not involved in the Government's suit.

"The same question has been before other District Courts on similar facts, and similar motions of third-

party defendants were granted, as we think, rightly. See especially United States v. Jollimore, 2 F.R.D. 148, decided by the District Court for the District of Massachusetts; and United States v. De Haven, 13 F.R.D. 435, decided by the District Court for the District of Michigan, Southern Division. * * *

"Accordingly, the motion of the third-party defendant to dismiss the third-party complaint will be granted."

A similar ruling on similar facts was announced in *United States v. De Haven* (U.S. Dist. Ct. W.D. Michigan, S.D. 1953), 13 F.R.D. 435.

In *United States v. Jollimore* (U.S. Dist. Ct. D. Mass. 1941), 2 F.R.D. 148, the holder brought an action to recover judgment on a negotiable and negotiated overdue promissory note. A third party complaint against the original holder was attempted, based upon breach of warranty of the quality of the personalty involved. The court granted the motion to dismiss as to the third party defendant saying:

"It is clear that no liability of the third-party defendant exists on this note to the plaintiff. The note is overdue and no protest appears to have been made. Any liability of the third-party defendant to the defendants is independent of the assertions of the claim of the United States and would, therefore, appear not to be a liability 'for all or part of the plaintiff's claim against him.' To allow the impleading of this third-party defendant would be to introduce a new and separate controversy into these proceedings. * * *

"The cases in which impleading a third party has been allowed have been cases where the third-party defendant is liable as a guarantor, surety, insurer, or indemnifier of the principal defendant, or in which the third-party defendant may be liable for causing the damage to the plaintiff, it being a factual question which of two people is responsible for a given injury. * * * It is obvious that an entirely different application of Rule 14 is sought here. * * *

"In the present case, the impleading of the third-party defendant would require the trial of issues in no way involved in the controversy between the plaintiff and defendants. No greater convenience would be attained by trying the two sets of issues involved together. In such a case there is no reason for an exercise of discretion that results in holding that Rule 14 should apply to permit a joinder of actions.

"The motion to dismiss the third-party complaint is granted, without costs."

■ We believe that *United States v. Dubrowolski,* supra, and the other two cases cited above correctly apply the rule to the facts involved in the case before us. A concise statement of the rule appears in *United States v. Jollimore,* supra, citing as authority therefor *Grim v. Lumbermen's Mutual Casualty Co.,* D. C., 26 F. Supp. 715, where the court said: " * * * the test to determine when a third-party defendant may be impleaded under Rule 14 is whether he could have been joined originally as a defendant by the plaintiff. This could have been done only if there could have been asserted against the defendants and the third-party defendant 'jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, * * *.' F.R.C.P., Rule 20 (a). No liability of the third-party defendant to the plaintiff, arising out of the making of this note, can be shown."

■ Some Federal cases state that granting leave to interplead a third-party *is a matter of judicial discretion.* This is correct only up to the point where facts exist upon which the rule was intended to operate, and in determining whether to grant or deny a motion to interplead a third-party defendant is limited to those cases where a finding is made that the third party is or may be liable to the original defendant for all or part of *the plaintiff's claim* against him. Rule 14 (a) does not permit nor does it grant discretion to the court to implead when there are separate and independent controversies

between the defendant and his desired third-party defendant.

The Federal holdings upon a nearly identical rule are persuasive and we find ourselves in accord therewith.

The judgment against Arms is reversed and the case remanded with directions to the trial court to strike the third party complaint.

MR. JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE HOLLAND concurring.