No. 21332.

L. J. ASHFORD, D/B/A ASHFORD AVIATION *v.* BURNHAM AVIATION SERVICE, INC. *v.* EUGENE R. JONES.
(427 P.2d 875)

Decided May 22, 1967. Rehearing denied June 12, 1967.

Bernard D. Morley, for plaintiff in error.

E. A. Howard Baker, Jr., for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

This action involves an original complaint filed by Burnham Aviation Service, Inc. against one Eugene R. Jones in which the plaintiff sought to recover judgment for the value of services performed and materials furnished in the overhaul of a Cessna airplane owned by Jones at whose instance and request the overhaul job had been performed by Burnham Aviation Service, Inc.

The defendant Jones was granted leave to file a third-party complaint against L. J. Ashford, Jr., a third-party defendant. Ashford answered the third-party complaint in which he alleged defenses to the claim asserted by Jones. He also filed a counterclaim.

A trial of the issues was had to the court and upon the conclusion thereof the court entered judgment in favor of the original plaintiff Burnham Aviation Service, Inc. against the third-party defendant Ashford in the sum of $1,205.85 plus interest and costs. The cause is here on writ of error to test the validity of that judgment.

As grounds for reversal of the judgment it is argued that the trial court erred in entering a judgment in favor of the original plaintiff . (Burnham Aviation Service) against the third-party defendant Ashford, for the

reason that there were no pleadings alleging a claim by that plaintiff against Ashford. The pertinent language of R.C.P. Colo. 14(a) is as follows:

"WHEN DEFENDANT MAY BRING IN THIRD PARTY. Before the filing of his answer a defendant may move ex parte or, after the filing of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

The issues framed between Burnham and Jones raised the question as to whether Jones was relieved of liability as the result of a "novation" which had allegedly taken place, in that Ashford had agreed to pay Burnham the full amount of Burnham's claim against Jones; and on the strength of that promise Burnham had released its mechanic's lien on the aircraft and delivered it to Ashford. Ashford then acquired title to the plane from Jones. All the issues raised by the parties were tried and no objection was raised by any of the parties to any evidence material to the pertinent issues raised by all the pleadings.

■ There was ample evidence to support the findings of the trial court that plaintiff (Burnham),

"* * * in reliance on the promises and representations made to it by Ashford, did release the aircraft to Ashford, (plaintiff thereby losing its Mechanic's Lien for charges against the aircraft) and that the release of the aircraft to Ashford was made with the specific consent of the defendant Jones and at the request of Ashford and in consideration that Ashford pay plaintiff its charges for overhaul. * * *"

■■ In *Arms Roofing Company, Inc. v. Petrie*, 136 Colo. 154, 314 P.2d 903, we quoted with approval from *United States v. Jollimore*, 2 F.R.D. 148:

"* * * the test to determine when a third-party defendant may be impleaded under Rule 14 is whether

he could have been joined originally as a defendant by the plaintiff. * * *"

Under this test Ashford was properly made a third-party defendant.

 With reference to the question as to whether the trial court erred in granting a judgment to the original plaintiff against the third-party defendant in the absence of formal pleadings framing issues between them, we direct attention to *Falls Industries, Inc. v. Consolidated Chemical Industries, Inc.*, 258 F.2d 277, which is authority for the proposition that the rule permitting third-party impleader was intended to liberalize and simplify procedure, and its purpose is to reduce litigation by having one lawsuit do the work of two.

 In the instant action we hold that it was not essential to the validity of the judgment entered against Ashford that Burnham Aviation Service, Inc. should have formally entered an amendment to its complaint to include a claim against him. In this connection we direct attention to R.C.P. Colo. 15(b) (which is the state counterpart of the federal rule on the subject). From *Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., supra,* we quote the following:

"There is no objection in the record stating that the third-party defendant objects to evidence showing its liability to the original plaintiff. A fair reading of the pleadings and the record supports Consolidated's position that all the parties recognized that the real dispute lay between Falls and Hall Transport, and that all of the issues have been tried except quantum. The third-party defendant not only answered the third-party complaint, but in a separate pleading undertook to answer categorically the original complaint and asserted all of the defenses it could have asserted had the plaintiff amended its complaint and alleged a claim against the third-party. This answer amounts to a waiver of the amendment.

"Federal Courts are moving away from the mechanical application of rules of procedure. The first rule of fed-

eral procedure, Rule 1, provides that 'These rules * * * shall be construed to secure a just, speedy, and inexpensive determination of every action.' Rule 8(f) states that 'All pleadings shall be so construed as to do substantial justice.' Pleadings are subsidiary; they serve the ends of justice by giving notice of the issues to be litigated. Here, the parties litigated the issues between them just as if there had been actual notice through an amendment to the complaint stating in terms the plaintiff's claim against the third-party defendant."

The trial court had before it all the issues involving all the rights of the parties, and those issues were litigated in all respects as though Ashford had been made a defendant in the original complaint.

The judgment is affirmed.

Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Hodges concur.