**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Petitioner,**

v.

**The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and Henry E. Santo, sitting as a Judge of said Court, Respondents.**

No. 81SA192.

Supreme Court of Colorado, En Banc.

Dec. 28, 1981.

Kelly, Stansfield & O'Donnell, Timothy J. Flanagan and Richard W. Bryans, Denver, for petitioner.

Branney & Hillyard, Englewood, John G. Salmon, P. C., John G. Salmon, Denver, for respondents.

ROVIRA, Justice.

The petitioner, Public Service Company of Colorado, seeks a writ in the nature of mandamus pursuant to C.A.R. 21. It contends that the respondent trial court acted in excess of its jurisdiction or abused its discretion by denying petitioner's Motion for Leave to File Third-Party Complaints pursuant to C.R.C.P. 14(a). We issued a rule to show cause why the requested relief should not be granted. We now order that the rule be discharged.

A negligence action was filed against the petitioner by three construction workers (plaintiffs), who alleged that as a result of the negligence of the petitioner they suffered an electrical shock and were severely injured while engaged in the erection of a prefabricated steel building. They claim that they were holding onto a metal wall frame which was being lifted into position with the aid of a forklift and either the forklift or the frame came into contact with an energized overhead electrical conductor which was owned by the petitioner.

The plaintiffs were employees of U. S. Steel Erectors, Inc. (Erectors), which company subcontracted with The Kort, Inc. (TKI), the general contractor, for the erection of the building. Erectors provided workmen's compensation insurance through the State Compensation Insurance Fund, and the plaintiffs have received workmen's compensation benefits from the fund.

In the negligence action, the plaintiffs seek $62,800,000 in damages from the petitioner for willfully and wantonly refusing to comply with a request to insulate, de-energize, or move the power line while the wall of the building adjacent to the line was being erected. The petitioner filed a motion for leave to file third-party complaints pursuant to C.R.C.P. 14(a)[1] against Erectors, TKI, and Marathon Metallic Building Company[2] (Marathon). The trial court denied the motion.

The petition for writ of mandamus alleges that the court's denial of the motion is an act in excess of its jurisdiction and is contrary to the rules of civil procedure because the petitioner has a right to file these third-party complaints. Alternatively, the petitioner argues that the trial court abused its discretion in denying the motion for leave to file the third-party complaints.

## I.

Matters relating to the filing of third-party complaints under C.R.C.P. 14(a) are within the sound discretion of the trial court[3] and are generally reviewable only by appeal. Therefore, a writ in the nature of mandamus will issue only if the petitioner can demonstrate that the trial court has abused its discretion and that damage sustained as a result of the abuse of discretion cannot be remedied on appeal. *Peoples Natural Gas Div. of N. Natural Gas Co. v. Public Utilities Comm'n*, Colo., 626 P.2d 159 (1981); *Seymour v. District Court*, 196 Colo. 102, 581 P.2d 302 (1978); *Tyler v. District Court*, 193 Colo. 31, 561 P.2d 1260 (1977).

Rule 14(a) provides that: "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Impleader under this rule, however, is within the discretion of the court,[4] and a denial of a party's motion to implead a third party affects no substantive rights. 3 *J. Moore, Federal Practice* ¶ 14.06 (2d ed. 1974); 6 *C. Wright & A. Miller, Federal Practice & Procedure* § 1443 (1971).

Petitioner argues, however, that it has the right to implead TKI and Marathon because the plaintiffs could have brought a products liability action against them. This argument is derived from the rule announced in *Arms Roofing Co. v. Petrie*, 136 Colo. 154, 314 P.2d 903 (1957), and reaffirmed in *Ashford v. Burnham Aviation Serv., Inc.*, 162 Colo. 582, 427 P.2d 875 (1967). These cases established that: "the test to determine when a third-party defendant may be impleaded under Rule 14 is whether he could have been joined originally as a defendant by the plaintiff." *Ashford v. Burnham Aviation Serv., Inc.*, 162 Colo. at 584–85, 427 P.2d at 877. We conclude, however, that this is an incorrect statement of the law, and we now depart from it.

This test was adopted from *United States v. Jollimore*, 2 F.R.D. 148 (D.Mass.1941); and although its application to the facts of *Arms Roofing* and *Ashford* may have yielded the correct result, it was based on the language of Fed.R.Civ.P. 14(a) prior to its amendment in 1946. At that time, a defendant could file a motion to implead a third party who is or may be liable to him *or to the plaintiff*, for all or part of the

---

1. Petitioner failed to file its third-party complaint within ten days of service of its answer to the original complaint; therefore, leave of court was required prior to filing. C.R.C.P. 14(a).

2. Petitioner alleges in his third-party complaint that Marathon designed, marketed, and supplied the prefabricated building; and TKI, in addition to being the general contractor, was the exclusive supplier of the prefabricated building.

3. *See* 3 *J. Moore, Federal Practice* ¶ 14.05 (2d ed. 1974) (discussing Fed.R.Civ.P. 14(a) which is comparable to the Colorado rule).

4. The grant or denial of leave to file a third-party complaint more than ten days after the service of the answer is within the discretion of the trial court, as is a decision to dismiss a third-party complaint which has been filed within ten days of service of the answer to the original complaint without leave of court. 3 *J. Moore, Federal Practice* ¶ 14.05 (2d ed. 1974).

plaintiff's claim against him.[5] Thus, under the old rule, a third-party complaint could be based upon the fact that the plaintiff had a cause of action against the third party. *See Crim. v. Lumbermens Mut. Casualty Co.*, 26 F.Supp. 715 (D.D.C. 1939). It is clear, however, that under the amended rule "a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff.*" *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 2399 n. 3, 57 L.Ed.2d 274, 278–79 n. 3 (1978) (emphasis in original), *citing* Advisory Committee's Notes on 1946 Amendment to Fed.R.Civ.P. 14, 28 U.S.C.A.[6] The only basis for filing a third-party complaint under the current rule is that the third party "is or may be liable to [the defendant] for all or part of the plaintiff's claim against [the defendant]." C.R.C.P. 14(a). Therefore, the petitioner's claim of right, based upon the fact that the plaintiffs could have brought a products liability action against TKI and Marathon is without merit.

## II.

Petitioner argues alternatively that the trial court has abused its discretion in denying leave to file the third-party complaints and that the resulting error cannot be remedied on appeal. We disagree.

In determining whether or not to allow a third-party claim to go forward, the trial court must consider that a primary purpose of the rule is to resolve as many claims as possible in a single proceeding in order to conserve resources and avoid circuity of action. *Pioneer Mut. Compensation Co. v. Cosby*, 125 Colo. 468, 244 P.2d 1089 (1952). The court, however, may properly deny leave to file a third-party complaint, or may dismiss a third-party complaint which has been timely filed if the claim for liability by the defendant against the third party is doubtful or if the introduction of the third-party claim would "unduly complicate the case to the prejudice of the plaintiff." 3 *J. Moore, Federal Practice* ¶ 14.-05[1] at 14–195 (2d ed. 1974) (footnote omitted).

In attempting to determine whether there was an abuse of the trial court's discretion in the context of this original proceeding, our efforts are greatly impaired by the lack of a transcript of the hearing, a copy of the pleadings, or a record of any kind. We have only the briefs of the parties and a copy of the order of the trial court which provides in its entirety:

"THIS MATTER having come before the Court on Motion of Defendant Public Service Company of Colorado for leave to file third-party Complaints against proposed third-party Defendants U. S. Steel Erectors, TKI Construction Corporation, and Marathon Metallic Building Company, and the Court having read the Memorandum Briefs of the parties, and on this date heard oral argument, it is hereby:

"ORDERED, ADJUDGED, AND DECREED that the Motion of Defendant Public Service Company of Colorado, Inc., for leave to file the above third-party Complaints be and hereby is denied."

In determining whether the petitioners is entitled to relief, we note that C.R.C.P. 14 creates no substantive rights; therefore, the petitioner must assert a substantive basis upon which the third party may be held liable to it for all or part of the plaintiffs' claims. 3 *J. Moore, Federal Practice* ¶ 14.03 (2d ed. 1974). The petitioner contends that it has a right of contribution and indemnification from Erectors and TKI based upon their negligence in the underlying accident.[7]

5. *See* 3 *J. Moore, Federal Practice* ¶ 14.01[1.–1] (2d ed. 1974) (highlighting the changes made in the original 1937 rule by the amendments of 1946).

6. *See also* 3 *J. Moore, Federal Practice* ¶ 14.10 at 14–286 (2d ed. 1974) ("it is irrelevant to the defendant's right to bring in a third party claimed to be liable over to the defendant, that the *plaintiff* has no claim against the third party . . . .") (emphasis in original).

7. Petitioner's claim against Erectors and TKI is grounded, in part, on Erectors' failure to observe industry safeguards and failure to comply with the Colorado Occupational and Safety Act, section 8–11–108, C.R.S.1973 (Repealed, L. 80, p. 451 § 6, effective April 13, 1980), and the

It further asserts a right of contribution and indemnification from TKI and Marathon based upon a claim in products liability for their role in the design or marketing of the allegedly defective prefabricated metal building.

In Colorado, indemnification between tortfeasors is allowed only when there is a preexisting legal relationship between them or a duty imposed by law upon one of the tortfeasors to hold the other harmless for the injuries. *Ringsby Truck Lines, Inc. v. Bradfield*, 193 Colo. 151, 563 P.2d 939 (1977). In this case we are aware of no allegations of a preexisting legal relationship or any duty between the petitioner and any of the third parties. Therefore, the petitioner's claim of liability based upon a theory of indemnification is without merit.

The petitioner's claim of liability is also based upon a theory of contribution. The Uniform Contribution Among Tortfeasors Act, 13–50.5–101 to –106, C.R.S.1973 (1980 Supp.), provides that "where two or more persons become jointly or severally liable in tort for the same injury to person or property . . . there is a right of contribution among them . . . ." Section 13–50.5–102(1), C.R.S.1973 (1980 Supp.). In deciding whether to allow leave to implead Marathon and TKI for contribution based upon the products liability claim, the district court could have concluded that petitioner's claim of liability was doubtful because of the difficulty in making a case in products liability based upon the facts alleged in this case. Given this possibility and a lack of any record upon which to evaluate the claims further, we will not find an abuse of discretion.

The claim of a right to contribution because of negligence of Erectors and TKI presents a more difficult question. The petitioner acknowledges that Erectors, as the employer of the plaintiffs,[8] provided workmen's compensation coverage and that all of the plaintiffs have collected benefits.[9] Professor Arthur Larson's often quoted comment bears repeating here:

"Perhaps the most evenly-balanced controversy in all of compensation law is the question whether a third party in an action by the employee can get contribution or indemnity from the employer, when the employer's negligence has caused or contributed to the injury."

2A A. Larson; *The Law of Workmen's Compensation* § 76.10 at 14–287 (1974).

The majority view is that once an employer complies with the provisions of a Workmen's Compensation Act, he cannot be held liable for contribution or indemnity in the absence of a preexisting legal relationship or a duty between the parties. *Id.* at §§ 76.21, 76.40–43. This conclusion is based upon the exclusive liability provision of the Workmen's Compensation Act. *See, e.g.,* section 8–42–102, C.R.S.1973.

In Colorado this court has held that an employer who has complied with the Workmen's Compensation Act cannot be held liable for indemnification to third parties. *Hilzer v. MacDonald*, 169 Colo. 230, 454 P.2d 928 (1969). *See also Holly Sugar Corp. v. Union Supply Co.*, 194 Colo. 316, 572 P.2d 148 (1977). Although we have never considered whether a third party may bring a claim for contribution against an employer who has complied with the provisions of the Workmen's Compensation Act, we conclude that in light of the view of a majority of jurisdictions the trial court did

Federal Occupational Safety and Health Act of 1970, 29 U.S.C. § 654 (1976).

**8.** The plaintiffs assert that TKI, as the general contractor, is a statutory employer under the workmen's compensation statute and therefore, like Erectors, is entitled to the protection of the workmen's compensation statute. The petitioner does not challenge this assertion. We expressly refuse to reach the merits of this issue; but for the purposes of this proceeding,

we accept the plaintiff's unchallenged assertion.

**9.** The State Compensation Insurance Fund has made demand on the petitioner for subrogation rights due to benefits paid to the plaintiffs. Petitioner has filed a motion to add the State Compensation Insurance Fund as an involuntary plaintiff, but the trial court has not yet ruled on this motion.

not abuse its discretion in denying leave to file the third-party complaints.

In reaching this conclusion, we recognize that there are conflicting policy considerations involved. It is undoubtedly true that the legislature has altered traditional theories of loss allocation in tort with the passage of the Uniform Contribution Among Tortfeasors Act, 13–50.5–101 to –106, C.R.S. 1973 (1980 Supp.) and with the introduction of a comparative negligence scheme into Colorado law. Section 13–21–111, C.R.S. 1973. The ability of a jury to apportion fault on a percentage basis among plaintiffs and joint tortfeasors alike is now accepted. We also recognize that among joint tortfeasors there is a right of contribution, again according to the relative degree of fault of each. Section 13–50.5–103, C.R.S. 1973 (1980 Supp.).

Nonetheless, we conclude that there has been no abuse of discretion below. The petitioner retains the right to appeal any final judgment of the trial court; and error, if any, in the ruling of the trial court can be corrected on appeal.[10] The mere fact that a new trial may be necessary to correct an improper denial of a third-party complaint does not in itself render an appeal inadequate as a remedy for the petitioner.

Accordingly, the rule to show cause is discharged.

10. We expressly decline to reach the merits of petitioner's claim. Our holding is limited to finding, at this stage of the proceeding, that the trial court did not abuse its discretion in denying the motion.