REPUBLIC STEEL CORP. ET AL., APPELLEES, *v.* GLAROS, APPELLANT.

[Cite as Republic Steel v. Glaros, 12 Ohio App. 2d 29.]

(No. 4716—Decided October 17, 1967.)

*Messrs. Manchester, Bennett, Powers & Ullman,* for appellees.

*Messrs. Pfau, Pfau & Comstock,* for appellant.

LYNCH, J. This case concerns the validity and effect of an indemnity contract by an independent contractor designed to protect the owner of property, upon which the independent contractor is to perform construction work, from any claims or

demands for bodily injuries sustained by employees of the independent contractor during the course of such work by any act or omission on the part of the owner when the independent contractor is covered by the workmen's compensation law.

Defendant, appellant herein, entered into a contract to perform painting work for Republic Steel Corporation on Republic Steel Corporation's property.

The contract was a purchase order in which Republic Steel Corporation is designated as "Buyer" and defendant as "Seller." The purchase order contained this provision:

"The Seller expressly assumes and agrees to indemnify and hold Buyer harmless from all liabilities, claims, demands and actions made by any person, firm or corporation, including employees, workmen, servants or agents of the Seller and his subcontractors that may have been caused, or alleged to have been caused, directly or indirectly, or by any act of omission or commission, negligent or otherwise, of the Seller, his subcontractors, their employees, workmen, servants or agents, or of the Buyer, its employees, workmen, servants or agents, or by reason of the premises. In the event Buyer's machinery and/or equipment is used by Seller in the performance of the work called for by this contract, such machinery and/or equipment shall be considered as being under the sole custody and control of the Seller during the period of such use by Seller, and should any person or persons in the employ of Buyer be used to operate said machinery and/or equipment during the period of such use, such person or persons shall be deemed during such period of operation to be an employee or employees of Seller."

The contract provides further that defendant should have in force a policy of contractual liability insurance insuring him against such indemnity undertaking, and a certificate indicating that Maryland Casualty Company was so insuring defendant was filed with Republic Steel Corporation.

One of defendant's employees sustained injuries when a pipe owned and maintained by Republic Steel Corporation gave away while he was sitting on it and he fell to the ground. The employee applied for and received workmen's compensation, since defendant was a contributing employer. The employee then sued Republic Steel Corporation, which was defended by

Travelers Insurance Company, who had insured Republic Steel Corporation against public liability. Travelers settled with defendant's employee for $12,000 and spent $1,526.49 for attorney fees and expenses, and then sued defendant. The trial judge rendered judgment for Travelers Insurance Company against defendant for the full amount of the settlement and expenses, totaling $13,526.49, together with interest from January 30, 1964. Defendant is appealing.

The first issue that defendant raises is whether defendant is immune from suit because defendant's employee has been receiving workmen's compensation for his injuries?

Both Section 35, Article II of the Ohio Constitution, and Section 4123.74 of the Revised Code provide that employers who comply with the workmen's compensation law "shall not be liable to respond in damages at common law or by statute" for any injury received by any employee in the course of or arising out of his employment.

Defendant contends that the term "common law" includes contract actions under the provisions of Section 35, Article II of the Ohio Constitution, and Section 4123.74 of the Revised Code. However, the right to contract is guaranteed by Section 1, Article I, and Section 28, Article II of the Ohio Constitution, as well as Section 10, Article I, and the Fourteenth Amendment to the United States Constitution. 10 Ohio Jurisprudence 2d 573, Constitutional Law, Section 503. We, therefore, hold that the term "common law" as used in Section 35, Article II of the Ohio Constitution, and Section 4123.74 of the Revised Code does not include express contracts.

Section 4123.82, Revised Code, provides in part as follows:

"(A) All contracts and agreements are void which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents for death, injury, or occupational disease occasioned in the course of such workmen's employment, or which provide that the insurer shall pay such compensation, or which indemnify the employer against damages when the injury, disease, or death arises from the failure to comply with any lawful requirement for the protection of the lives, health, and safety of employees, or when the same is occasioned by the willful act of the em-

ployer or any of his officers or agents, or by which it is agreed that the insurer shall pay any such damages. * * *."

Defendant contends that the indemnity agreement in the instant case is so broad and far reaching in its scope that it would also include indemnity for employees of Republic Steel Corporation, who make claims for workmen's compensation benefits. We do not agree with this interpretation of this contract. We hold that this indemnity agreement is directed towards employees of defendant or defendant's subcontractors rather than any employee of Republic Steel Corporation with respect to any employee obtaining workmen's compensation benefits for injuries received during the progress of the work of defendant.

Our Supreme Court has recognized the validity of contracts of indemnity purporting to relieve one from the results of his own negligence, but has held that such contracts must be strictly construed. *Kay* v. *Pennsylvania Rd. Co.*, 156 Ohio St. 503; *George H. Dingledy Lumber Co.* v. *Erie Rd. Co.*, 102 Ohio St. 236.

The validity of indemnity agreements similar to the one in the instant case was upheld in *New Amsterdam Casualty Co.* v. *Kilroy Structural Steel Co.*, 81 Ohio Law Abs. 527, and *General Accident Fire & Life Assurance Corp.* v. *Smith & Oby Co.* (C. C. A. 6), 272 F. 2d 581; however workmen's compensation is not discussed in the opinions.

Defendant cites *Bankers Indemnity Ins. Co.* v. *Cleveland Hardware & Forging Co.*, 77 Ohio App. 121, as authority for his position. The third paragraph of the syllabus of such case is as follows:

"Under the Workmen's Compensation Act, a subscribing and complying employer is relieved of any liability at common law because of injuries, death or occupational disease that befall his employees while acting in the course and scope of their employment, and such relief from liability extends to a case where a third person, having paid damages for the death of employees of such employer in an action based on the third person's negligence, seeks to recover from the employer the amount of damages paid, on the ground that the liability of the employer is primary and that of the third person secondary,"

However, there was no express indemnity agreement in *Bankers Indemnity Ins. Co.* v. *Cleveland Hardware & Forging Co.*, 77 Ohio App. 121.

*St. Paul Mercury Indemnity Co.* v. *Kopp*, 70 Ohio Law Abs. 259, is precisely in point with the instant case. It upheld the validity of the indemnity agreement even though workmen's compensation benefits had been paid. In accord is *General Electric Co.* v. *Moretz*, 270 F. 2d 780.

We agree with *St. Paul Mercury Indemnity Co.* v. *Kopp*, 70 Ohio Law Abs. 259.

We hold that neither Section 35, Article II of the Ohio Constitution nor Section 4123.74 of the Revised Code invalidates the indemnity agreement in this case.

Defendant then contends that since Travelers Insurance Company had issued public liability insurance to Republic Steel Corporation it should not be entitled to be subrogated for the entire loss paid but should share equally the loss with defendant.

However, in the instant case Travelers Insurance Company is subrogated to the rights of Republic Steel Corporation under the indemnity agreement. This indemnity agreement was unconditional and entitled Travelers Insurance Company to be made whole. On the other hand, defendant could not be subrogated to any rights of Republic Steel Corporation against defendant, because subrogation is allowed only in favor of one who has been obliged to pay the debt of another and not in favor of one who pays a debt in the performance of his primary obligation. *Maryland Casualty Co.* v. *Gough*, 146 Ohio St. 305.

The liability in this case as between Travelers Insurance Company and defendant is not a common risk, liability or burden. 11 Ohio Jurisprudence 2d 565, Contribution, Section 4.

We hold that the doctrine of contribution does not apply under the circumstances of this case.

*Judgment affirmed.*

JONES, P. J., and O'NEILL, J., concur.