ROBERT DeSHAW, Plaintiff, *v.* RALPH W. JOHNSON, BRUCE JOHNSON, JANE JOHNSON, LINCOLN CO. ELECTRIC CO-OPERATIVE INC., a Corp. and Interbel Telephone Co-operative Inc., a Corporation, Defendants.

INTERBEL TELEPHONE COOPERATIVE INC., Defendant and Third-Party Plaintiffs, *v.* DeSHAW CONSTRUCTION COMPANY, Third-Party Defendants.

No. 11837.

Submitted June 10, 1970.

Decided July 17, 1970.

Rehearing Denied Aug. 18, 1970.

472 P.2d 298.

Korn, Warden & Walterskirchen, Merritt N. Warden (argued), Kalispell, Raymond Hildebrand, Glendive, for plaintiffs.

Habedank, Cumming & Best, Jacque W. Best (argued), Sidney, Murphy, Robinson, Heckathorn & Phillips, Kalispell, for defendants.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order granting a motion for summary judgment and dismissing a third-party complaint of Interbel Telephone Cooperative, Inc., against the third-party defendant, DeShaw Construction Company. The case is before us only upon the pleading and the motions and rulings thereon.

The plaintiff is not involved in the issues to be determined here. His complaint alleges that at all times material he was the employee of DeShaw Construction Company, now the third-party defendant. Other allegations are: That on February 3, 1964, plaintiff "was directed by the defendants [Ralph W. Johnson, Bruce Pohnson, Jane Johnson, Lincoln County Electric Co-operative and Interbel Telephone Co-operative, third-party plaintiff] to climb a yard pole so constructed and operated by the defendants, as aforesaid, and to connect a telephone drop wire leading therefrom to the residence of the defendants Johnsons, the energy for which telephonic service was to be supplied by the defendant Interbel Telephone Cooperative, Inc., a corporation, one of the defendants herein named. That it was necessary that plaintiff install said telephone drop wire above conductors which had previously been improperly installed by defendants, as aforesaid. That pursuant to said direction, plaintiff climbed said pole and in attempting to make the telephone

line installation plaintiff's hand came in contact with a defectively installed bare 'hot' wire running from the conductor on said pole to the yard light on the pole, all negligently constructed and operated by the defendants, all of which was known to the defendants, who did not notify plaintiff of the negligent and wrongful ungrounded wire connections which defendant failed to properly install and ground as required by law and by said Safety Code. That upon plaintiff's hand coming in contact with said 'hot' high tension wire, which defendants had negligently failed to ground, he received through his hands, arms, and body a severe electrical shock which caused him to be knocked from the pole to the ground, breaking the heels of both his feet, severely shocking plaintiff's body, arms, legs, and feet, and causing him excruciating pain, suffering, and electrical burns throughout his body, arms, legs, neck, and head, all proximately caused by the negligence of the defendants and each of them.''

Defendants filed answers denying liability and pleading other defenses. Defendant Interbel filed its third-party claim against DeShaw Construction Company in which it pleaded the suit brought against it by the plaintiff; the contract between itself and DeShaw; that the contract provided in part: ''The Contractor [DeShaw Construction Company] shall hold the Owner [Interbel] harmless from any and all claims for injuries to persons or for damage to property happening by reason of any negligence on the part of the Contractor or any of the Contractor's agents or employees during the control by the Contractor of the Project or any part thereof'', and its denial of any liability to the plaintiff. It pleaded that DeShaw was negligent and said negligence caused the plaintiff's injuries. The negligence allegation is based on DeShaw Construction Company's failure to require the plaintiff to wear rubber gloves as was allegedly required by the contract during such activity. The prayer of the third-party complaint was for indemnity against DeShaw Construction Company for any judgment recovered by

the plaintiff against the third-party plaintiff; or in the alternative for contribution from DeShaw Construction Company.

To this third-party complaint, DeShaw Construction Company filed a motion for summary judgment. In support of the motion, DeShaw Construction Company alleged that the plaintiff was an employee of it and by the provisions of the Workmen's Compensation Act of Montana, the exclusive liability of the third-party defendant is to provide compensation as provided by the Act.

The trial court entered its order granting a summary judgment. In support of the order, the trial court attached the following memorandum:

"The Order granting the Third-Party Defendant's motion for dismissal is based on the following grounds:

"1. That the Workmen's Compensation Act of Montana does not prevent an employee of an employer from instituting an action based upon negligence of a third-party defendant, arising out of a contractual obligation or operation between the employee's employer and said third-party.

"2. The provision appearing in Section (1) of the Contract and Agreement between the Third-Party Plaintiff and Third-Party Defendant restricts any holding of the Third-Party Plaintiff harmless by the Third-Party Defendant for only those acts of negligence on the part and arising by the acts of the Third-Party Defendant itself. The Plaintiff's Complaint as it pertains to the Third-Party Plaintiff alleges separate and distinct acts of negligence against said Third-Party Plaintiff, Interbel Telephone Cooperative, Inc.

"3. The court believes that the rule more specifically stated in 53 ALR 2d 979 applies, to-wit: That a third person tortfeasor, who is liable for injuries to a workman, is not entitled to recover contribution from the workmen's employer, notwithstanding the fact that the workman's employer's negligence concurred in causing the injury to the employee, where the

employer, the employee, and the particular injury, are covered by the provisions of the Montana Workman's Compensation Act.''

Paragraph one of the trial court's memorandum is supported by the express language of section 92-204, R.C.M.1947. Paragraph two states the facts which would support a finding that a third-party complaint is proper where a defendant is seeking indemnification from a third-party. Crosby v. Billings Deaconess Hospital, 149 Mont. 314, 426 P.2d 217; Rule 56, M.R.Civ.P. We are however, unable to agree with the trial court's application of the statement in paragraph three to the facts of this case. The court apparently felt that the third-party complaint attempted to state a claim against the third-party defendant on behalf of the original plaintiff, or that the third-party plaintiff was seeking contribution from the third-party defendant, as from a joint tortfeasor. Such was obviously not the case. The third-party complaint is definitely not only a claim for contribution between joint tortfeasors, it also states a simple claim for indemnification based upon specific language contained in the contract and binding upon the third-party defendant as the contractor

The right of indemnity is recognized in Montana. Broadly stated it is where one who is compelled to pay money which, in justice, another ought to pay, the former may receive from the latter the sums so paid. There seems to be some doubt as to under what circumstances indemnity should be allowed in Montana. See: Contribution and Indemnity Among Tortfeasors, 31 Mont.L.R. 69, 79. But, since this case is merely at the pleading stage, it is sufficient only to state that such a right exists.

Here the third-party plaintiff is seeking indemnity for any damages it might be required to pay the plaintiff on account of the negligence of the third-party defendant. Thus, as in Crosby, there is a factual issue as to whether the plaintiff was injured solely through the negligence of the third-party defendant. This is a genuine issue of material fact.

But the third-party defendant insists that the third-party complaint was correctly dismissed because of a lack of potential recovery by the third-party plaintiff. Its theory is that the plaintiff's employer (the third-party defendant) cannot be liable for more than workman's compensation benefits to its employees, that such compensation is the measure of its full liability, and that it cannot be subjected to any additional liability to the third-party plaintiff or anyone else because of the injuries sustained by the plaintiff.

The sections of the Act involved are sections 92-203, and 92-204, R.C.M.1947. Section 92-203 provides that an employer who pays under the Act shall not be "subject to any other liability whatsoever for the death of or personal injury to any employee" and all "causes of action * * * for and on account of such death of, or personal injury to, any such employee are hereby abolished." Section 92-204 provides that "the provisions of this act shall be exclusive" and that action to recover damages for injuries sustained by an employee other than the compensation provided shall be available to any employee or to "all persons having any right or claim to compensation for his injury or death * * *." The third-party defendant maintains that plaintiff's claim against it having been satisfied, no one can now recover anything more from the third-party defendant.

The point has been before courts in several other jurisdictions, with opposing results. For the contention that such an action will not lie, that the liability of the employer is exclusively under the compensation acts, it is urged that if the employer can be held liable to indemnity a third-party who has been found negligent so as to give the employee a cause of action against such third-party, the result will be to compel the employer to indirectly do what he is exempt from doing directly This is at first glance a persuasive argument; but we think a careful analysis will not support such a conclusion.

Again, section 92-204, R.C.M.1947, provides that when an employee elects to come under the Act he shall surrender any

other rights to damages against his employer "for or on account of any personal injury to * * * such employee" and such election shall also bind "all persons having any right or claim to compensation for his injury or death".

While commenting on the problem of a third-party versus the employer, the following observation was made concerning a similar workman's compensation statute:

"[T]he immunity conferred is only against actions for damages on account of the employee's injury; a third-party's action for indemnity is not exactly for 'damages' but for reimbursement, and it is not 'on account of' the employee's injury, but on account of breach of an independent duty owed by the employer to the third party." Larson Workmen's Comp. V. 2, § 76.30, p. 235.

As to the limitation that the election shall bind "all persons", it appears to us that the words "to compensation" show that the legislature had in mind those who might attempt to recover through some relationship with the injured party, and not anyone such as the third-party plaintiff in the instant case, who seeks to recover on an obligation separate and apart from that owing to the injured employee.

Therefore, we hold that the third-party complaint does state a genuine issue of material fact as to whether it was the third-party defendant's negligence that caused the injury to the plaintiff and whether the alleged contract between the third-party plaintiff and third-party defendant protects the former from a claim based on such negigence.

The order of the district court granting the summary judgment and dismissing the third-party complaint is reversed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON and HASWELL concur.