## No. C-1175

**Holly Sugar Corporation, a New York corporation v. The Union Supply Company, a Colorado corporation**

(572 P.2d 148)

Decided December 5, 1977. Rehearing denied December 27, 1977.

Zarlengo, Mott and Zarlengo, John C. Mott, for petitioner.

Yegge, Hall and Evans, John R. Trigg, Jeffery B. Stalder, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an action seeking a dismissal on the merits of a third-party complaint brought by the Union Supply Company (Union) as third-party plaintiff, against the Holly Sugar Corporation (Holly) as third-party defendant. The district court dismissed the third-party complaint without prejudice on purely procedural grounds. The court of appeals, however, ruled that the trial court had erred in dismissing Union's third-party action against Holly. 38 Colo. App. 435, 561 P.2d 355 (1976). We reverse the judgment of the court of appeals.

Holly is a New York corporation with its principal place of business in Colorado Springs. Union is a Colorado corporation with its principal place of business in Denver. Following negotiations which began in October 1967, in Colorado, Holly and Union signed a contract by which Union was to supply a wet pulp conveyor system for use in a plant which Holly owned in Montana. The contract was fulfilled and the conveyor was installed.

An employee of Holly, Larry E. Pust, was injured by the conveyor system in the Montana plant. He was paid personal injury benefits by Holly under the Montana Workmen's Compensation Act. Montana's Act, like Colorado's, is an exclusive remedy statute immunizing the employer from "any other liability whatsoever" for the injury. *See* section 92-204,

R.C.M. 1947.[1]

After his settlement with Holly, employee Pust proceeded against Union on various product liability theories in Denver District Court. Union responded by joining Holly as a third-party defendant, seeking indemnification for any liability which it might incur. Holly's motion for summary judgment, based upon the "exclusive remedy" provision of the Montana Workmen's Compensation Act, was denied by the trial court. The court did, however, dismiss Holly without prejudice on the basis of C.R.C.P. 14(a). It held that since Mr. Pust could not sue his employer, Holly, directly under the Montana Act, Holly could not be joined indirectly as a third-party defendant.

After a full trial, the district court granted Union's motion to dismiss against Pust. That ruling is the subject of a separate matter now pending before this court.

The court of appeals reversed the dismissal of Holly. In pertinent party, the court held that Montana law governed Union's third-party claim for indemnity. Further, the court interpreted Montana law as permitting Union to collect from Holly despite the fact that Holly paid Pust under the "exclusive remedy" provision of the Montana Act.

There is a threshold issue in this case as to whether Montana law or Colorado law should govern Union's third-party indemnity claim. However, since it seems to us that either under the law of Montana or Colorado, Union's attempted third-party action against Holly would be prohibited, we need not presently decide this choice of law question.

■ In *Hilzer v. MacDonald*, 169 Colo. 230, 454 P.2d 928 (1969), this court indicated that an employer who had paid an employee compensation under the Colorado Workmen's Compensation Act was immune from any third-party indemnity claims arising out of the same incident:

"It is undisputed that Hilzer received workmen's compensation for his injuries. When an employer has brought itself within the ambit of the Workmen's Compensation Act, it is not subject to a common law action for damages, and the employee is limited to the remedies specified in the Act. [citations omitted] The terms of C.R.S. 1963, 81-3-2 not only limit the employer's liability to his employee, but also preclude liability to third persons for indemnification. [citations omitted]" 169 Colo. at 237, 454 P.2d at 931-932.

There can be no doubt, therefore, that under the law of Colorado, Union's third-party claim against Holly should be dismissed.

---

[1] In pertinent part this section provides that when an employee elects to come under the Act, he shall surrender any other rights to damages against his employer "for or on account of any personal injury to . . . such employee" and such election shall also bind "all persons having any right or claim to compensation for his injury or death."

Respondent takes the position that Montana, however, has held the other way and cites *DeShaw v. Johnson*, 155 Mont. 355, 472 P.2d 298 (1970), in support. We find *DeShaw* completely irrelevant to the issue here. In *DeShaw*, the plaintiff was an employee of DeShaw Construction Company. He was injured on the job through the alleged negligence of Interbel, a separate organization, not a party to the employment. The employer responded in workmen's compensation benefits. Plaintiff then sued Interbel for damages in consequence of the injuries received by him in the accident. Interbel joined plaintiff's employer as a third-party defendant, seeking indemnity or, in the alternative, contribution. However, Interbel's indemnity claim against plaintiff's employer was based upon an express indemnification provision in a written contract between the two. Thus, Interbel was seeking contractual indemnity and not common law indemnity. The Montana Supreme Court was not presented with the issue of whether the Montana Act would prohibit a common law action and, in fact, the Court's opinion gives no insight as to its view of this question.

Normally, when interpreting enactments of sister states, decisions of sister courts relative thereto would be controlling. *Cruse v. Stayput Clamp and Coupling Co.*, 113 Colo. 254, 156 P.2d 397 (1945). However, where as here, the decisions of the sister states' courts lend no guidance, this court must be guided by its own precedents in interpreting similar statutes. *See United States National Bank of Denver v. Bartges,* 120 Colo. 317, 210 P.2d 600 (1949), *cert. denied,* 338 U.S. 955, 70 S.Ct. 493, 94 L.Ed. 589 (1950). Since Colorado's Workmen's Compensation Act[2] is nearly identical to the Montana Act and, as previously noted, we have construed the Colorado Act as prohibiting a common law indemnity action of the nature involved in this case, *Hilzer v. MacDonald, supra,* we conclude that the Montana Act also precludes such actions. Thus, assuming Montana law is applicable here, the third-party complaint should be dismissed.[3]

The decision of the court of appeals is reversed and the cause is remanded with directions to grant Holly's motion for summary judgment.

MR. JUSTICE GROVES, MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN do not participate.

---

[2]Sections 8-40-101, *et seq.*, C.R.S. 1973.
[3]We note that in dismissing actions for common law indemnification in Workmen's Compensation Act cases, Colorado is in accord with the majority of states that have considered the question. *See, Larson's Workmen's Compensation Law*, V. 2A, §76.43(d), for a discussion of cases from other jurisdictions.