**George E. HAMMOND, Plaintiff,**

v.

**KOLBERG MANUFACTURING CORPORATION, a South Dakota corporation, Defendant.**

Civ. A. No. 81–C–1293.

United States District Court, D. Colorado.

June 22, 1982.

John L. Breit, Judith H. Holmes, Hansen & Breit, P. C., Denver, Colo., for plaintiff.

Geoffrey S. Race, Weller, Friedrich, Hickisch & Hazlitt, Denver, Colo., for defendant.

ORDER

CARRIGAN, District Judge.

Defendant has filed a motion for leave to file a third-party complaint. Plaintiff has submitted written objections. The issues have been thoroughly briefed and oral argument would not materially assist in considering or deciding the motion.

The plaintiff was seriously injured when his arm was caught in a conveyor belt manufactured by the defendant. At the time he was injured, the plaintiff was employed by Green Construction Company. Plaintiff elected to receive Workmen's Compensation benefits, thus precluding a claim against his employer. § 8–42–102, C.R.S.1973. He also filed this action against the manufacturer. The defendant now seeks to implead the employer, Green Construction Company, in this product liability case against the manufacturer. Defendant asserts the theories of indemnity and contribution.

The Colorado Workmen's Compensation Act, which governs this question, explicitly sets forth the ramifications of an employee's receiving benefits under the Act. § 8–42–102, C.R.S.1973. Once an employer has complied with the Act's requirements, it is "not subject to any other liability for the death of or personal injury to any employee . . . ." § 8–42–102, C.R.S.1973. Common law actions, otherwise available against an employer, are abolished. *Id.*

The Colorado Supreme Court has repeatedly and consistently held that indemnity actions by a manufacturer against an employer, who has paid an injured employee workmen's compensation, are barred. *Hilzer v. McDonald*, 169 Colo. 230, 454 P.2d

928 (1969); *Holly Sugar Corp. v. Union Supply Company*, 194 Colo. 316, 572 P.2d 148 (1977).

Contribution, likewise, is unavailable to the defendant. The Uniform Contribution Among Tortfeasors Act, § 13–50.5–101, C.R.S.1973, adopted by Colorado in 1977, allows contribution "where two or more persons become jointly liable in tort. . . ." Because the Workmen's Compensation Act immunizes an employer from tort liability to a covered employee, the employer is not "jointly liable in tort."

Although the Colorado Supreme Court has not yet held that the Uniform Act applies to Workmen's Compensation, the Tenth Circuit has determined that contribution is barred under the nearly identical New Mexico Workmen's Compensation statute. *Hill Lines v. Pittsburgh Plate Glass Co.*, 222 F.2d 854 (10th Cir. 1955).

Finally, the defendant contends that it may bring in a party "who is or may be liable," F.R.Civ.Proc. 14, and that no certainty of success is required. Although this is admittedly the law, it would be a futile act, indeed, to allow a defendant to implead another who would be dismissed at the next turn. There is already sufficient delay, expense and vexation in the court system without requiring that courts tolerate legal gamesmanship. Since I conclude that Green Construction cannot be liable, impleader on any basis would be improper.

Accordingly,

IT IS ORDERED that the defendant, Kolberg Manufacturing Corporation's motion for leave to file a third-party complaint is denied. Each party shall bear his or its own costs.