Marvin J. GREER and Peggy J. Greer, Plaintiffs,

v.

INTERCOLE AUTOMATION, INC., a California corporation, d/b/a Stewart-Bolling & Company, Inc., in Cleveland, Ohio, Defendant and Third-Party Plaintiff,

v.

The GATES RUBBER COMPANY, a Colorado corporation, Third-Party Defendant.

Civ. A. No. 81–JM–1801.

United States District Court, D. Colorado.

Dec. 17, 1982.

Richard L. Kalamaya, Carl F. Manthei, William J. McCarren, Longmont, Colo., for plaintiffs.

Eugene O. Daniels, Denver, Colo., for Ford defendant.

Richard H. Glasman, Denver, Colo., for third-party defendant.

MEMORANDUM ORDER

JOHN P. MOORE, District Judge.

THIS MATTER arises upon the Plaintiffs' Motion to Strike Third Party Claim and the Defendant's Motion for Summary Judgment. For reasons which follow, I

conclude that the claim should be stricken. Since this result renders consideration of the summary judgment motion unnecessary, it will be denied as moot.

The complaint in this diversity action alleges that Plaintiff Marvin Greer was injured by a defective press machine manufactured and sold by Defendant Intercole Automation, Inc., (Intercole) to Greer's employer, the Gates Rubber Company (Gates). Greer seeks damages based upon theories of strict liability, misrepresentation, and negligence.[1] Intercole has answered and asserted a third-party claim against Gates, alleging that Gates participated in the design of the press and subsequently altered its operation so as to render it hazardous to Mr. Greer. Based upon these allegations, Intercole contends that the injuries in question were caused by Gates, and, therefore, it is entitled to contribution from Gates should the Greers recover against it. Colo.Rev. Stat. § 13–50.5–101, *et seq.*, (1973) (1980 Supp.). Plaintiffs have moved to strike, contending that contribution is unavailable in this instance due to Gates' immunity as an employer under the Colorado Workmen's Compensation Act (WCA). Colo.Rev.Stat. § 8–40–101, *et seq.*, (1973) (as supplemented). I agree.

## I

Section 102(1) of the Colorado Uniform Contribution Among Tortfeasors Act (UCATA) establishes a right of contribution "where two or more persons become jointly or severally liable in tort for the same injury . . . ." Colo.Rev.Stat. § 13–50.5–102(1) (1973) (1982 Supp.). The Colorado Workmen's Compensation Act provides:

An Employer who has complied with the provisions of articles 40 to 54 of this title . . . shall not be subject to . . . any other liability for the death of or personal injury to any employee, except as provided in said articles; and all causes of action, actions of law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such death of or personal injury to any such employee and accruing to any person are abolished except as provided in said articles.

Colo.Rev.Stat. § 8–42–102 (1973) (1980 Supp.). There appears to be no question but that Gates was in compliance with the Act at the time Greer was injured, nor is it doubtful that this injury arose out of and was suffered in the course of Greer's employment. Colo.Rev.Stat. § 8–52–102 (1973) (1980 Supp.). It follows that Gates is immune from common law liability for this injury[2] and, consequently, cannot become "jointly or severally liable in tort" so as to trigger a right of contribution in Intercole.

Intercole resists this logic on statutory grounds. It is asserted initially that § 102 of the Workmen's Compensation Act does not evince an intent to bind strangers to the employment relation. Assuming this to be correct, I fail to see how Intercole's contribution claim is much aided since Gates is, in all events, immune from suit in tort by Plaintiffs and, therefore, the requisite of joint or "common" liability remains unsatisfied. Moreover, § 102 flatly insulates the complying employer from "*any other liability* for the death of or personal injury to any employee," thereby abolishing "*all* causes of action . . . for and on account of [an employee's injury or death] *and accruing to any person* . . . ." (Emphasis added.) This and similar language has been interpreted by the Colorado courts to include third-party actions. *Holly Sugar Corp. v. Union Supply Co.,* 194 Colo. 316, 572 P.2d 148 (1977) (action for indemnity); *Hilzer v. MacDonald,* 169 Colo. 230, 454 P.2d 928 (1969) (action for indemnity); *see, also,*

---

1. Greer's spouse has joined as a party plaintiff and asserts a claim for loss of consortium.

2. During oral argument it was suggested that Greer might avoid the exclusive remedy rule by means of the "dual capacity doctrine." Further research on this point convinces me that the case does not fall within the contours of

this doctrine. *See, e.g., Rosales v. Verson Allsteel Press Co.,* 41 Ill.App.3d 787, 354 N.E.2d 553 (1976); *Shook v. Jacuzzi,* 59 Cal.App.3d 978, 129 Cal.Rptr. 496 (1976); *compare Douglas v. E. & J. Gallo Winery,* 69 Cal.App.3d 103, 137 Cal.Rptr. 797 (1977).

*Ward v. Denver & R.G.W.R. & Co.,* 119 F.Supp. 112 (D.Colo.1954); *Hammond v. Kolberg Mfg. Co.,* 542 F.Supp. 662 (D.Colo. 1982) (action for indemnity and contribution).

Undaunted, Intercole urges that the extension of immunity embodied in these authorities is in fundamental opposition to the goal of equitable apportionment underlying the UCATA. I find no such contradiction.

Legislative intent is to be judged in the first instance according to the plain and ordinary meaning of the language employed. *People ex rel. Marks v. District Court,* 161 Colo. 14, 420 P.2d 236, 241 (1966); *Jones v. People,* 155 Colo. 148, 393 P.2d 366, 369 (1964). Where clear and unambiguous, statutory language must be applied as written; and forced, subtle, or strained interpretations are to be avoided. *Harding v. Industrial Comm.,* 183 Colo. 52, 515 P.2d 95 (1973). The UCATA is clear and unequivocal in its requirement that joint or common liability in tort exist as a precondition to the right of contribution. Colo.Rev.Stat. § 13–50.5–102 (1973) (1982 Supp.). At no point does it attempt to add to or redefine the concept of liability in tort. Thus, the UCATA can hardly be viewed as signaling an intent to override preexisting common law or statutory immunities.[3] Intercole's argument to the contrary plainly rests upon a strained and artificial reading. Accordingly, I find that dismissal of Intercole's claim for contribution involves no inconsistency of statutory language or purpose.[4] While a different result might be more "equitable," its creation lies outside the power of this court. *Cf. Tompkins v. De-Leon,* 197 Colo. 569, 595 P.2d 242 (1979).

## II

▮ Intercole also sets forth constitutionally based arguments which fare no better than its statutory interpretations. It is initially contended that the exclusive remedy rule may not operate to foreclose the claim for contribution as this would effect a taking of Intercole's "vested cause of action ... for contribution" in derogation of the due process guarantee. This argument assumes what it sets out to prove; namely, that under the Colorado scheme the employer's immunity nullifies a preexisting right of property. Nothing could be farther from the truth. The right of contribution in Colorado is in all respects a creature of statutory origin. *Hamm v. Thompson,* 143 Colo. 298, 353 P.2d 73 (1960); *Coniaris v. Vail Associates, Inc.,* 196 Colo. 392, 586 P.2d 224 (1978). As such, it "vests" only upon the existence of a common liability. *Coniaris, supra.* It is obvious that a vested right of action cannot be negated by an immunity which simply prevents the formation of its antecedent. In sum, Intercole cannot complain of a taking since it has no "property" to be taken.[5]

---

**3.** One may, of course, assume that the language of the Act was chosen in light of relevant preexisting legislation such as the Workmen's Compensation Act. *See City and County of Denver v. Rinker,* 148 Colo. 441, 366 P.2d 548, 550 (1961).

**4.** *Skinner v. Reed-Prentice Division, Etc.,* 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1978), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978), is hardly persuasive authority to the contrary. In that instance, the court ruled that a third party might maintain a common law action for contribution against an employer despite the bar of workmen's compensation. This result was expressly premised upon an earlier decision to the effect that the exclusive remedy rule of workmen's compensation did not foreclose an action for indemnification. 15 Ill.Dec. at 835, 374 N.E.2d at 443. As observed, Colorado law is directly to the contrary.

**5.** *Carlson v. Smogard,* 298 Minn. 362, 215 N.W.2d 615 (1974) does not counsel a contrary result. In that instance, a constitutional challenge was raised to a provision of the Minnesota Workmen's Compensation Act which precluded third parties from seeking common law indemnity or contribution from an employer. The court held that the provision violated due process because the third party received no reasonable substitute remedy in exchange for the abrogation of its "preexisting common law rights." 215 N.W.2d at 618, 619. The situation at hand is markedly dissimilar. Intercole has no common law right to contribution, and, accordingly, it cannot be heard to protest the lack of a "reasonable substitute." It also bears mention that the *Carlson* court distinguished situations in which the third party and employer possess "substantially equal bargaining power" and, therefore, need not rely upon suppletive law to establish rights of contribution or indemnity. 215 N.W.2d at 619.

Citing *Sunspan Engineering and Construction Co. v. Spring-Look Scaffolding Co.,* 310 So.2d 4 (Fla.1975), Intercole argues that the Colorado compensation scheme violates equal protection since third parties dealing with employers covered by the Act are "precluded" from seeking contribution, whereas those persons "sued by plaintiffs in nonindustrial situations [are] not." Brief at 4. *Sunspan Engineering* is questionable authority for this proposition inasmuch as the court there relied primarily upon a taking analysis in assessing the effect of employers' immunity upon preexisting common law rights of action, and the court expressly declined to reach the question of whether an action for contribution would lie under Florida law.[6] Questions of case interpretation aside, Intercole's equal protection argument suffers from more fundamental failings.

Colorado law contains no positive prohibition against maintenance of the instant claim. At no point in the Workmen's Compensation Act is an employer "precluded" from undertaking to indemnify or contribute against losses suffered by third parties due to the employer's misfeasance. Thus, the "preclusion" and, hence, the "classification" complained of in the instant matter is as much a product of the marketplace as it is an effect of the positive law. Furthermore, it is evident that the exclusive remedy provisions of workmen's compensation laws are fully consistent with constitutional mandate[7] and are fundamental to a system of compensation regardless of fault. *Frohlick Crane Service, Inc. v. Mack,* 182 Colo. 34, 510 P.2d 891, 893 (1973); *Kandt v. E.B. Evans,* Colo., 645 P.2d 1300, 1302 (1982). Intercole does not assert, nor could it assert, that maintenance of this compensation system lies outside the scope of legitimate state interest.[8] Thus, while it is far from certain that the allowance of third-party claims for contribution would so undermine the exclusive remedy rule as to threaten the continued viability of workmen's compensation, the Colorado General Assembly might reasonably have concluded as much in formulating the WCA and the UCATA. In this instance, equal protection requires nothing more. *Williamson v. Lee Optical Co.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).

Intercole's constitutional objections are premised, at base, upon the proposition that "[i]f precluded from this action, [it] will bear the entire burden of a negligence judgment, merely because of the unfortuitous circumstances that place another tortfeasor in the position of employer of the injured employee." Brief at 7. I confess that the logic of this position escapes me. I know of no reason why Intercole would be prohibited from raising the conduct alleged in its third-party complaint by way of defense to the Plaintiffs' assertions of causation. Indeed, the identity of issues and evidence is such that to the extent the jury finds in favor of the Plaintiffs, one must suppose that it would have found against Intercole and in favor of Gates. Stated differently, the same evidence cannot be used by the same jury to draw contrary conclusions with respect to a single issue. It is therefore highly doubtful that dismissal of Intercole's third-party claim will result in its bearing a disproportionate and unjust share of the damages, if any, awarded the Plaintiffs.

I conclude that dismissal of the third-party claim is mandated by the plain language of the Colorado WCA and UCATA and is

---

6. *Sunspan Engineering* was followed by *United Gas Pipeline Co. v. Gulf Power Co.,* 334 So.2d 310 (Fla.App.1976), *cert. denied,* 341 So.2d 1086 (Fla.1976), in which it was held that an action for contribution based upon the Florida UCATA would not lie against a covered employer since "the workmen's compensation employer and the third person are not under a common liability . . . ." 334 So.2d 310 at 314. *Accord Seaboard Coast Line R. Co. v. Smith,* 359 So.2d 427 (Fla.1978).

7. *Davidson v. Hobart Corporation,* 643 F.2d 1386 (10th Cir.1981); *O'Quinn v. Walt Disney Productions, Inc.,* 177 Colo. 190, 493 P.2d 344 (1972); *Finn v. Industrial Comm.,* 165 Colo. 106, 437 P.2d 542 (1968).

8. *See, e.g., Mountain Timber Co. v. Washington,* 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685 (1917).

fully consistent with constitutional guarantees of due process and equal protection. Accordingly, it is

ORDERED that the Plaintiffs' Motion to Strike is granted.

FURTHER ORDERED that the Third-Party Defendant's Motion for Summary Judgment is denied as moot.