David BORROEL, Plaintiff,

v.

LAKESHORE, INC., a Michigan corporation, and General Motors Corporation, a Delaware corporation, Defendants,

and

LAKESHORE, INC., a Michigan corporation, Defendant and Third-Party Plaintiff,

v.

DICK CORPORATION, a Pennsylvania corporation, Third-Party Defendant.

No. 84–K–1707.

United States District Court, D. Colorado.

Sept. 24, 1985.

Susan Smith Fisher, Breit, Best, Richman & Bosch and Patricia C. Coan, Brauer & Buescher, Denver, Colo., for plaintiff.

James A. Smith, Hall & Evans, Denver, Colo., for Lake Shore, Inc.

Charles L. Casteel & Michael J. Gallagher, Davis, Graham & Stubbs, Denver, Colo., for General Motors Corp.

Kim B. Childs, Cooper & Kelley, Denver, Colo., for Dick Corp.

## MEMORANDUM OPINION
## AND ORDER

KANE, District Judge.

In this diversity action the Dick Corp. has moved for summary judgment on the claims presented in a third party complaint against it brought by Lake Shore, Inc. For the reasons below, summary judgment on the first claim for relief is denied. Summa-

ry judgment is granted on the second, third and fourth claims for relief.

## BACKGROUND

Dick leased from Lake Shore a Terex Ts–24B loadrunner scraper. For purposes of the summary judgment motion, Dick admits there is an express agreement between it and Lake Shore which contains the following terms:

REPAIRS:

Lessee shall, at its expense, maintain the machinery in good operating condition, repair and appearance, and shall have all maintenance and repair work performed only by qualified persons ...

LIABILITY:

... Lessee covenants and agrees to indemnify and save Lessor harmless of and from any and all liability arising out of the use, maintenance and/or delivery of said Equipment.

INSURANCE:

LESSEE ASSUMES ALL RISK AND LIABILITY for and agrees to indemnify, save and hold LESSOR and manufacturer harmless from ... all loss, damage, claims, penalties, liability and expenses including attorney's fees howsoever arising or incurred because of the Equipment or the storage, use or operation thereof.

The plaintiff, David Borroel, was injured while operating the Terex TS–24B loadrunner scraper. Borroel was employed by Dick at the time of the injury. Borroel was paid personal injury benefits by Dick under the Colorado Workmen's Compensation Act. Section 8–42–102, Colo.Rev.Stat. (Supp.1984) provides:

An employer who has complied with [the Act] ... shall not be subject to ... any other liability for the death of or personal injury to any employee, except as provided in said articles; and all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such death of or personal injury to any such employee and accruing to

any person are abolished except as provided in said articles.

Borroel brought an action against Lake Shore for strict liability, negligence, breach of express warranties, misrepresentation, negligent misrepresentation and damages. Lake Shore then filed a third party complaint against Dick alleging that Dick is or may be liable to Lake Shore for express contractual indemnity, negligence, products liability and contribution. Dick has moved for summary judgment on Lake Shore's third party claims asserting that the claims are barred by the Colorado Workmen's Compensation Act. In the alternative, Dick argues that even if Lake Shore's indemnity claim is not barred by the Act, the lease agreement cannot reasonably be construed as an intentional forfeiture by Dick of its protection from suit under the Act. Lake Shore has responded with a brief opposing Dick's motion for summary judgment.

Summary judgment is a drastic remedy. The Tenth Circuit has cautioned that any relief pursuant to Rule 56 of the Federal Rules of Civil Procedure should be applied with care. *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir.1973). Rule 56 states that summary judgment shall be rendered when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pleadings and factual issues of material fact must be viewed in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Unless the moving party can demonstrate his entitlement beyond a reasonable doubt, summary judgment must be denied. *Norton v. Liddell*, 620 F.2d 1375, 1381 (10th Cir.1980).

Because the issues presented in this case vary in complexity, I will first address Dick's motion for summary judgment on Lake Shore's negligence and contribution claims. I will then address Dick's motion for summary judgment on Lake Shore's claim for express contractual indemnity. The last issue I will address is Dick's mo-

tion for summary judgment on Lake Shore's claim for products liability.

## I

### NEGLIGENCE

■ In Lake Shore's second claim for relief, Lake Shore asserts that Dick owed a duty to Lake Shore to maintain and repair the Terex TS-24B loadrunner scraper and that Dick was negligent in performing that duty. The rule, however, is that an employer who complies with the Colorado Workmen's Compensation Act cannot be subject to a common law action for damages brought by a third person. *Holly Sugar Corp. v. Union Supply Co.*, 194 Colo. 316, 572 P.2d 148, 150 (1977); *Hilzer v. MacDonald*, 169 Colo. 230, 454 P.2d 928, 931 (1969); *Ward v. Denver & R.G.W.R. Co.*, 119 F.Supp. 112 (D.Colo.1954). Lake Shore's claim for negligence is a common law action "for and on account of" the employee's personal injury. Accordingly, Dick's motion for summary judgment on Lake Shore's second claim for relief is granted.

## II

### CONTRIBUTION

In Lake Shore's fourth claim for relief, Lake Shore asserts that Dick is or may be liable to Lake Shore pursuant to the provisions of the Uniform Contribution Among Tortfeasors Act, Colo.Rev.Stat. § 13–50.5–101 to 13–50.5–106 (Supp.1984). Section 102(1) of the Act establishes a right of contribution "where two or more persons become jointly or severally liable in tort for the same injury." Colo.Rev.Stat. § 13–50.-5–102(1).

In *Public Service Co. of Colo. v. District Court In & For The City & County of Denver*, 638 P.2d 772 (Colo.1981), the Colorado Supreme Court specifically declined to consider whether a third party may bring a claim for contribution against an employer who has complied with the provisions of the Workmen's Compensation Act. The court observed, however, that the majority view is that the employer cannot be held liable for contribution or indemnity in the absence of a preexisting legal relationship or a duty between the parties. *Id.* at 776.[1]

Two decisions in this federal district have held that an employer who complies with the Workmen's Compensation Act cannot be subject to third party actions for contribution. *Greer v. Intercole Automation, Inc.*, 553 F.Supp. 275 (D.Colo.1982); *Hammond v. Kolberg Manufacturing Corp.*, 542 F.Supp. 662 (D.Colo.1982). The district court's rationale was that an employer who complied with the Workmen's Compensation Act was immune from common law liability. Consequently, the employer could not become jointly and severally liable in tort so as to trigger a right of contribution in a third party. *Greer*, 553 F.Supp. at 276–77; *Hammond*, 542 F.Supp. at 663.

■ In light of the two district court decisions and the majority viewpoint, I hold that Dick cannot be subject to a third party action for contribution. Therefore, Dick's motion for summary judgment on Lake Shore's fourth claim for relief is granted.

## IV

### EXPRESS CONTRACTUAL INDEMNITY

Lake Shore alleges in its first claim for relief that Dick is liable to Lake Shore on the contract of indemnification for all or a part of any judgment that may enter in favor of the plaintiff and against Lake Shore. Dick argues that the claim is barred by the Workmen's Compensation Act.

■ Common law actions for indemnity[2] are clearly barred by the act. *Holly*

---

1. In *Public Service Co. of Colorado*, the Colorado Supreme Court concluded that, in light of the view of a majority of jurisdictions, the trial court did not abuse its discretion in denying leave to file a third party complaint.

2. The common law tort theory of indemnity applies "when one party is primarily liable and the party seeking indemnity is secondarily liable." *Vickery v. Reliable Electric Co.*, 703 F.2d

*Sugar Corp.*, 572 P.2d at 150; *Hilzer*, 454 P.2d at 931; *Ward*, 119 F.Supp. 112. I have not found, however, and the parties have not presented any controlling Colorado cases that have considered whether actions based on *express* contracts of indemnity between third parties and employers are barred by the Colorado Workmen's Compensation Act. "We are, therefore, faced with a situation where we must attempt to construe the law of the State of Colorado in the manner in which the Supreme Court of Colorado would if faced with the same facts and issue.... In so doing we may look to all resources, including decisions of other states, as well as Colorado and federal decisions, and to the general weight and trend of authority." *City of Aurora, Colorado v. Bechtel Corp.*, 599 F.2d 382, 386 (10th Cir.1979); *Bennett v. Furr's Cafeterias, Inc.*, 549 F.Supp. 887, 892 (D.Colo.1982).

The Act on its face seems to preclude "all causes of action" against an employer "accruing to any person" except as stated in the Act. Moreover, strong dicta indicate that the Act bars all other causes of action:

Clearly, [the Act] expresses an intent by the Colorado legislature to render such an employer immune from all liability, save that imposed by the Workmen's Compensation Act itself.

Particularly the phrase "and accruing to any and all persons whomsoever" would seem to leave no room for any other construction. To place any other meaning upon this legislative language would do violence to the plain meaning of these words, and would violate the basic rule of statutory construction that in the

488, 490 (1983); W. Prosser, *Handbook of the Law of Torts*, 312 (4th ed. 1971).

3. "Moreover, § 102 flatly insulates the complying employer from *'any other liability* for the death of or personal injury to any employee;' thereby abolishing *'all* causes of action ... for and on account of [an employee's injury or death] *and accruing to any person ...'*"

4. "In Colorado this court has held that an employer who has complied with the Workmen's Compensation Act cannot be held liable for indemnification to third parties."

absence of a specialized or technical usage of a word it will be given its generally accepted meaning within the phrase where used.

*Ward*, 119 F.Supp. at 114; *see also Greer*, 553 F.Supp. at 276;[3] *Public Service Co. of Colo.*, 638 P.2d at 776.[4]

On the other hand, the overwhelming majority of courts in jurisdictions outside of Colorado hold that express contracts for indemnification are not barred by Workmen's Compensation Acts. *See eg., City of Artesia v. Carter*, 94 N.M. 311, 610 P.2d 198 (1980), *cert. denied*, 94 N.M. 628, 614 P.2d 545;[5] *DeShaw v. Johnson*, 155 Mont. 355, 472 P.2d 298 (1970)[6]; *see also Titan Steel Corp. v. Walton*, 365 F.2d 542, 549 (10th Cir.1966) (construing Utah law); *Forward v. Cotton Petroleum Corp.*, 540 F.Supp. 122 (D.Colo.1982) (Kane, J.) (construing Wyoming law); *Rucker Co. v. M & P Drilling Co.*, 653 P.2d 1239 (Okla.1982); *Parks v. Union Carbide Corp.*, 602 S.W.2d 188 (Mo.1980); *Republic Steel Corp. v. Glaros*, 12 Ohio App.2d 29, 230 N.E.2d 667 (1967); *see generally* 2A A. Larson, *Workmen's Compensation* § 76.42 & n. 37 (1983 & Supp.Dec.1984).

Courts reason that the cause of action arises out of a contractual right which is independent of the exclusive jurisdiction provisions of the Workmen's Compensation Act. *See e.g., Titan Steel Corp. v. Walton*, 365 F.2d 542, 549 (10th Cir.1966); *Redford v. City of Seattle*, 94 Wash.2d 198, 615 P.2d 1285 (1980); *Manson-Osberg Co. v. State*, 552 P.2d 654 (Alaska 1976); *DeShaw v. Johnson*, 155 Mont. 355, 472 P.2d 298 (1970); 2A A. Larson, *supra*, § 76.41. The Montana Supreme Court explains:

5. Colorado Workmen's Compensation Act is "nearly identical" to New Mexico's act. *Hammond*, 542 F.Supp. at 662. (The court was construing the 1973 act). One of the major cases relied upon by Dick in its briefs is *Hill Lines, Inc. v. Pittsburgh Plate Glass Co.*, 222 F.2d 854 (10th Cir.1955). In that case the Tenth Circuit was interpreting New Mexico law. In light of the holding in *City of Artesia, Hill Lines* is no longer good law.

6. Colorado Workmen's Compensation Act is "nearly identical" to the Montana Act. *Holly Sugar Corp.*, 572 P.2d at 151. (The court was construing the 1973 Act).

[T]he immunity conferred is only against actions for damages on account of the employee's injury; a third party's action for indemnity is not exactly for "damages" but for reimbursement, and it is not on account of the employee's injury, but on account of breach of an independent duty owed by the employer to the third party.

*DeShaw,* 472 P.2d at 302 (citing 2 A. Larson, *supra,* § 76.30 at 235).

Courts also hold that it is not against public policy to allow an employer freely and voluntarily to assume such contractual obligations. The reasoning of the New Mexico Court of Appeals is illustrative:

Enforcing express contracts of indemnity is no more than enforcing the loss distribution agreed to by the contracting parties.... This arrangement to distribute the loss does not offend any policy concerned with securing the payment of workmen's compensation; the compensation payable is not affected by the indemnity agreement. This arrangement does not depart from the policy of limiting the employer's liability; that policy remains intact. All that is involved is the employer's departure from the policy. If the employer desires to voluntarily relinquish his statutory protection, he may do so.... such a relinquishment is consistent with the policy favoring the right to contract.

*City of Artesia,* 610 P.2d at 201; *see also Titan,* 365 F.2d at 549; *Olsen v. Shell Oil Co.,* 595 F.2d 1099 (5th Cir.1979), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405; *Lechuga, Inc. v. Montgomery,* 12 Ariz.App. 32, 467 P.2d 256 (1970).

Only one court, the Alabama Supreme Court, has addressed the question and failed to adopt the majority approach. *Paul Krebs & Associates v. Mathews &*

*Fritts Construction Co.,* 356 So.2d 638 (Ala.1978); 2A A. Larson, *supra,* § 76.43. The court reasoned that to allow a third party to recover against the employer for injury to an employee would be to allow indirectly what is prohibited directly by the statute and would write into the legislation an exception which was not there. *Id.* at 639.

■ In sum, there is the seemingly clear language of the statute and strong dicta in the cases on one side and the large majority approach on the other. It would be easier to make a decision if the Colorado General Assembly had specifically addressed express contracts in the Act, as some legislatures have done.[7] Although the law is unclear, I must make a decision. I adopt the majority approach and hold that a cause of action based on a contractual right of indemnity is independent of the exclusive jurisdiction provisions of Colorado's Workmen's Compensation Act. I do so because this ruling favors freedom of contract. Further, the holding will not contravene the policy of the Workmen's Compensation Act, which is "to protect employees who suffer injuries arising out of their employment and to give injured workers a reliable source of compensation." *Engelbrecht v. Hartford Accident and Indemnity Co.,* 680 P.2d 231 (Colo.1984); *Bellendir v. Kezer,* 648 P.2d 645, 647 (Colo.1982).

■ An important requirement, however, is that the indemnity provision be made "without the exercise of superior bargaining power, and ... clearly and unequivocally [express] the intention of the parties." *United States v. Haskin,* 395 F.2d 503 (10th Cir.1968) (citing *Titan,* 365 F.2d at 549). In this case, Dick has presented no evidence showing that it had less bargaining power than Lake Shore when the contract was made. Moreover, I cannot determine whether the contract

---

7. Several state statutes specifically provide that there shall be no right of recovery against the employer by a third person, whether by indemnity or contribution, in the absence of a written agreement entered into before the injury. *See e.g., Arbaugh v. Procter & Gamble Mfg. Co.,* 80 Cal.App.3d 500, 145 Cal.Rptr. 608 (1978); *Bell v. Koppers Co.,* 481 Pa. 454, 392 A.2d 1380 (1978);

*Ealand v. Gulf, C. & S.F. Ry. Co.,* 411 S.W.2d 591 (Tex.Civ.App.1967); *Gibbs v. Carolina Power & Light Co.,* 265 N.C. 459, 144 S.E.2d 393 (1965). An example of a statute completely forbidding express-indemnity contracts is Nevada's. *Corrao Construction Co., Inc. v. Curtis,* 94 Nev. 569, 584 P.2d 1303 (1978).

"clearly and unequivocally [expresses] the intention of the parties."

Under Colorado law, the law of the place where the contract was made governs its nature, validity, and interpretation. *Mr. Steak, Inc. v. River City Steak, Inc.*, 460 F.2d 666, 668 (10th Cir.1972); *Kloberdanz v. Joy Manufacturing Co.*, 288 F.Supp. 817, 820 (D.Colo.1968); *Western Enterprises, Inc., v. Robo-Sales, Inc.*, 28 Colo.App. 157, 470 P.2d 931, 932 (1970). Dick has not presented evidence on where the contract was made. Thus, I cannot determine the nature or validity of the contract, and I cannot at this juncture interpret the contract. Nor can I follow a universal rule of construction because courts differ on how contracts of this type should be construed.[8] Therefore, Dick has not shown that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Accordingly, Dick's motion for summary judgment on Lake Shore's first claim for relief is denied.

## IV

### PRODUCTS LIABILITY

■ Finally, I address Lake Shore's third claim for relief based upon the Product Liability Act, Colo.Rev.Stat. § 13–21–401 to 13–21–406 (Supp.1984). An essential element in any product liability suit is the sale of the product by the defendant. *Simien v. S.S. Kresge Co.*, 566 F.2d 551 (5th Cir.1978); *Anderson v. John Deere Co.*, No. 83–K–119, slip op. (D.Colo. Aug. 14, 1985). In this case, Dick leased the product from Lake Shore and provided it to Borroel for use in his employment. Dick did not sell the product. Nor was Dick a "manufacturer",[9] or a "seller".[10] Accordingly, I grant Dick's motion for summary judgment on Lake Shore's third claim for relief.

Accordingly, IT IS HEREBY ORDERED that the motion for summary judgment is denied on the first claim for relief and granted on the second, third and fourth claims for relief.

---

**8.** For example, many courts have not construed similar contracts as indemnifying a person against his own negligence because the contract does not refer expressly to negligence. *See, e.g., Zimmerman v. Baca*, 346 F.Supp. 172, 178 (D.Colo.1972); *Doyle v. Missouri Valley Constructors, Inc.*, 288 F.Supp. 125, 128 (D.Colo. 1968); *see generally* 175 ALR 30 & n. 11 (1948). Some courts, however, do not follow such a strict rule. *See e.g., Miller & Co. of Birmingham, Inc. v. Louisville & N.R. Co.*, 328 F.2d 73 (5th Cir.1964), *cert. denied*, 377 U.S. 966, 84 S.Ct. 1648, 12 L.Ed.2d 737; *General Accident Fire & Life Assurance Corp. Ltd. v. Smith & Oby Co.*, 272 F.2d 581 (6th Cir.1959); *Metropolitan Paving Co. v. Gordon Herkenhoff & Associates, Inc.*, 66 N.M. 41, 341 P.2d 460 (1959).

**9.** Colo.Rev.Stat. § 13–21–401(1) provides:

"Manufacturer" means a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to the sale of the product to a user or consumer. The term includes any seller who has actual knowledge of a defect in a product or a seller of a product who creates and furnishes a manufacturer with specifications relevant to the alleged defect for producing the product or who otherwise exercises some significant control over all or a portion of the manufacturing process or who alters or modifies a product in any significant manner after the product comes into his possession and before it is sold to the ultimate user or consumer. The term also includes any seller of a product who is owned in whole or significant part by the manufacturer or who owns, in whole or significant part, the manufacturer. A seller not otherwise a manufacturer shall not be deemed to be a manufacturer merely because he places or has placed a private label on a product if he did not otherwise specify how the product shall be produced or control, in some significant manner, the manufacturing process of the product and the seller discloses who the actual manufacturer is.

**10.** Colo.Rev.Stat. § 13–21–401(3) provides:

"Seller" means any individual or entity, including a manufacturer, wholesaler, distributor, or retailer, who is engaged in the business of selling or leasing any product for resale, use, or consumption.