**TEX–ARK JOIST COMPANY, a Delaware corporation, Defendant and Third-Party Plaintiff-Appellant,**

**v.**

**DERR AND GRUENEWALD CONSTRUCTION COMPANY, formerly Derr Steel Erection Company or Derr of Colorado, Inc., Third-Party Defendant-Appellee.**

No. 84CA1078.

Colorado Court of Appeals, Div. III.

March 27, 1986.

Rehearing Denied April 24, 1986.

Certiorari Pending as of June 17, 1986.

Wood, Ris & Hames, P.C., Eugene S. Hames, Paula M. Ray, Denver, for defendant and third-party plaintiff-appellant.

Boatright & Boatright, Charles F. Molling, Wheatridge, Glasman, Jaynes & Carpenter, Richard H. Glasman, Denver, for third-party defendant-appellee.

TURSI, Judge.

Tex-Ark Joist Company (Tex-Ark) appeals the dismissal of its third-party complaint for indemnification or contribution against Derr & Gruenewald Construction Co. (Derr). We affirm.

On April 30, 1981, Galen Louis Meeker was injured while in the employment of Derr. This injury occurred while he was erecting steel joists manufactured by Tex-Ark. Meeker received workmen's compensation through his employer and then sued Tex-Ark on a product liability theory.

Tex-Ark filed a third-party action against Derr seeking indemnification or contribution from Derr. Tex-Ark alleged that Derr had negligently erected the joists, had failed to train, instruct, or supervise its employees properly, and had failed to acquaint its employees with applicable safety regulations. Derr moved to dismiss this third-party action on the basis that any action against it is barred by the exclusive remedy provision of the Colorado Workmen's Compensation Act, § 8–42–102, C.R.S. The motion was granted.

I.

Tex-Ark first alleges that the Colorado Uniform Contribution among Tortfeasors Act, C.R.S. § 13–50.5–101, et seq., C.R.S. (1985 Cum.Supp.) (Contribution Act) abrogates the effect of the exclusive remedy provision. We disagree.

■ The Contribution Act was enacted subsequent to the adoption of the workmen's compensation exclusive remedy provision. Hence, we must conclude that the General Assembly was mindful of the exclusive remedy provision and the policy underlying it when it adopted the Contribution Act. Therefore, in light of the fact that the Contribution Act demonstrates no intent to alter or supersede the existing statutory framework, we conclude that it does not.

The Contribution Act requires that "two or more persons become jointly or severally liable in tort" before the right to contribution exists. Section 13–50.5–102, C.R.S. (1985 Cum.Supp.); *National Farmers Union Property & Casualty Co. v. Frackelton*, 650 P.2d 571 (Colo.App.1981), aff'd, 662 P.2d 1056 (Colo.1983). But, in regard to injuries suffered by an employee within the scope of his employment, the exclusive remedy provision of the Workmen's Compensation Act renders it impossible for an employer to satisfy the prerequisite of joint or several liability in tort. *See Greer v. Intercole Automation, Inc.*, 553 F.Supp. 275 (D.Colo.1982). The result is that these two statutes are mutually exclusive.

■ Tex-Ark raises this issue with regard to indemnity as well as contribution. In both *Holly Sugar Corp. v. Union Supply Co.*, 194 Colo. 316, 572 P.2d 148 (1977) and *Hilzer v. McDonald*, 169 Colo. 230, 454 P.2d 928 (1969), an employer's obligation to indemnify third parties sued by injured employees was denied. The workmen's compensation exclusive remedy provision does not permit an employer to be indirectly subjected to a liability to which it cannot be directly subjected. We find that the rationale of these cases applies equally to claims of contribution against an employer covered by workmen's compensation. *See Public Service Co. v. District Court*, 638 P.2d 772 (Colo.1981).

II.

■ Tex-Ark next alleges that the Colorado Comparative Negligence statute, § 13–21–111, C.R.S., requires that employers who are putatively at fault for injury to their employees be brought into an action against a negligent third party and be apportioned their share of the liability. For

the reasons set out above, we hold that the comparative negligence statute does not alter or abrogate the effect of the exclusive remedy provisions of the Workmen's Compensation Act.

### III.

Finally, Tex-Ark contends that dismissal of its third-party action against Derr violates Colo. Const. art. II, § 6, which provides for equality of justice. We do not agree.

The Colorado workmen's compensation law creates a statutory framework designed to govern the relationship between employers and their employees. The Workmen's Compensation Act provides workers and employers an exclusive measure of liability regardless of the negligence or fault of the employer. *O'Quinn v. Walt Disney Productions, Inc.*, 177 Colo. 190, 493 P.2d 344 (1972). The fact that the remedy provided by the act precludes the employer from other forms of liability does not render the act unconstitutional as applied to the facts here. *See Finn v. Industrial Commission*, 165 Colo. 106, 437 P.2d 542 (1968); *see also Kandt v. Evans*, 645 P.2d 1300 (Colo.1982); *Ellis v. Rocky Mountain Empire Sports, Inc.*, 43 Colo.App. 166, 602 P.2d 895 (1979).

Judgment affirmed.

VAN CISE and METZGER, JJ., concur.