John P. SUTPHIN and Nancy Sue Sutphin, Plaintiffs-Appellants,

v.

Riley MOURNING, Roxie Mourning, and all unknown persons who claim any interest in the subject matter of this action, Defendants,

and

The Board of County Commissioners of the County of Prowers, State of Colorado, Defendant-Appellee.

No. 81CA0333.

Colorado Court of Appeals, Div. II.

Oct. 8, 1981.

Rehearing Denied Oct. 29, 1981.

Certiorari Denied March 8, 1982.

Strain & Kolomitz, M. Jon Kolomitz, La Junta, for plaintiffs-appellants.

Carl M. Shinn, Lamar, for defendant-appellee.

VAN CISE, Judge.

Plaintiffs, John P. and Nancy Sue Sutphin, appeal a judgment denying their claim for a decree quieting title in them to the portions of a street and alley abutting their property. We reverse.

The facts as stipulated to by the parties were adopted by the trial court as its findings. Insofar as material here, they show that, on petition of John Sutphin filed on October 30, 1979, the defendant county commissioners on that same day adopted a resolution vacating part of a street and alley, including the portions claimed by the Sutphins, these being the remaining public ways in a platted subdivision in an unincorporated area in Prowers County. In the resolution, the commissioners referred to Sutphin's petition, found that all of the subdivision, except for the portion owned by Sutphin, had been vacated in 1963, and that no land adjoining the property to be vacated would be without access to an established public road. There was no finding that these public ways were no longer required for the public use or convenience.

Thereafter, defendants Riley and Roxie Mourning, who owned the remaining property abutting the vacated street and alley and who had had no notice of and who had not consented to the vacating, objected to the action taken by the commissioners. Consequently, on November 27, 1979, the commissioners adopted a resolution stating that they had erred and that they rescinded the previous resolution vacating the street and alley.

Claiming that, by virtue of § 43-2-302(1), C.R.S.1973, title to the vacated roadways vested in them immediately on the passage of the October resolution and cannot be divested by merely rescinding the earlier vacating resolution, the Sutphins brought this quiet title action. The trial court denied their claim, ruling that the rescinding resolution was valid. They reassert the same contention on appeal.

Relying on *Andreatta v. Kuhlman*, Colo. App., 600 P.2d 119 (1979), and *Moschetti v. Board of Zoning Adjustment*, 40 Colo.App. 156, 574 P.2d 874 (1977), the commissioners contend that the vacating resolution was not final until the time had passed for filing for C.R.C.P. 106 review. Therefore, they argue, the rescission was effective because it was made within the 30 day period following enactment of the vacating resolution. We do not agree.

*Andreatta* and *Moschetti* were reviews of decisions of city boards of adjustment on zoning variance matters. The boards were serving as "inferior tribunals" performing judicial or quasi-judicial functions and were thus subject to C.R.C.P. 106(a)(4) review.

However, vacating a roadway is a legislative act, *Sears v. Ogden City*, 572 P.2d 1359 (Utah 1977); E. McQuillin, *Municipal Corporations* § 30.185, and is not subject to C.R.C.P. 106 review. *See Tihonovich v. Williams*, 196 Colo. 144, 582 P.2d 1051 (1978); *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975); *Hoffman v. City of Fort Collins*, 30 Colo.App. 123, 489 P.2d 355 (1971). Therefore, like any other county legislative act, a vacating resolution is final on enactment. It cannot be rescinded if the rights of third parties have vested. *See Anderson v. Judd*, 158 Colo. 46, 404 P.2d 553 (1965).

Section 43–2–302(1), C.R.S.1973, provides that "[w]henever any roadway ... designated on the plat ... is vacated, *title to the lands included within such roadway ... shall vest ... in the owners of the abutting land ...*." (emphasis supplied). The statute makes no exceptions. Its language is plain, its meaning is clear, and, therefore, it must be applied as written. *People in Interest of Paiz*, 43 Colo.App. 352, 603 P.2d 976 (1979).

On the passage of the vacating resolution, title to the land on which the street and alley was located, with all incidents of ownership, by operation of the statute, became absolute in the adjacent land owners, the Sutphins and the Mournings, subject only "to the same encumbrances, liens, limitations, restrictions, and estates as the land by which it accrues." Section 43–2–302(1), C.R.S.1973. The later resolution of the commissioners attempting to take the property back from the persons in whom title had vested was in violation of the constitutional prohibition against the taking of private property for public use without just compensation. Colo.Const., Art. II, Sec. 11; *People ex rel. Alexander v. City of Mt. Vernon*, 404 Ill. 58, 88 N.E.2d 45 (1949). Therefore, the rescinding resolution did not have any effect on title to the land in dispute.

The judgment denying the Sutphins' quiet title claim is reversed, and the cause is remanded for the entry of a new judgment quieting the title in the Sutphins to the vacated land abutting their property (including all of the alley vacated by the October 1979 resolution for the reasons stated in the trial court's previous order) in accordance with their respective interests therein, as against any claims of the county thereto arising from the November 27 resolution.

KELLY and TURSI, JJ., concur.