**TEX–ARK JOIST COMPANY, a Delaware corporation, Petitioner,**

v.

**DERR AND GRUENEWALD CONSTRUCTION COMPANY, formerly Derr Steel Erection Company or Derr of Colorado, Inc., Respondent.**

No. 86SC176.

Supreme Court of Colorado, En Banc.

Feb. 1, 1988.

Wood, Ris & Hames, P.C., Eugene S. Hames, Martin F. Egelhoff, Denver, for petitioner.

Glasman, Jaynes & Carpenter, Richard H. Glasman, Denver, for respondent.

VOLLACK, Justice.

Petitioner, Tex–Ark Joist Co. (Tex–Ark), appeals the decision of the court of appeals in *Tex–Ark Joist Co. v. Derr & Gruenewald Const. Co.*, 719 P.2d 384 (Colo.App. 1986), affirming the dismissal of its third-party complaint against Derr and Gruenewald Construction Co. (Derr). We affirm.

I.

On April 30, 1981, Galen Meeker was injured while erecting steel joists manufactured by Tex–Ark. At the time, Meeker was an employee of Derr. Meeker received workmen's compensation benefits from Derr pursuant to the Workmen's Compensation Act of Colorado, sections 8–40–101 to 8–54–127, 3B C.R.S. (1986) (the Compensation Act). Meeker then sued

Tex–Ark under a theory of strict products liability.

Tex–Ark sought indemnity or contribution from Derr in the third-party complaint. Tex–Ark alleged that Derr was negligent in erecting the joists as well as in properly training, instructing and supervising Meeker and other employees. Derr moved to dismiss the complaint on the ground that the exclusive remedy provision of the Compensation Act, section 8–42–102, 3B C.R.S. (1986), bars all claims of indemnity or contribution against an employer who complies with the terms of the Compensation Act.

The district court agreed with Derr and dismissed the complaint. The court of appeals affirmed, holding that the Colorado Uniform Contribution Among Tortfeasors Act, sections 13–50.5–101 to –106, 6A C.R.S. (1987) (the Contribution Act), did not alter the exclusive remedy provision of the Compensation Act, and denied Tex–Ark's claims of indemnity and contribution.

II.

Tex–Ark claims that the trial court erred in refusing to recognize a right to indemnity as a result of Derr's conduct. We do not agree.

◼ In Colorado, indemnification between tortfeasors is not allowed unless there is a pre-existing legal relationship between them or a duty imposed by law upon one of the tortfeasors to hold the other harmless for the injuries. *Public Service Co. v. District Court*, 638 P.2d 772, 776 (Colo.1981) (citing *Ringsby Truck Lines, Inc. v. Bradfield*, 193 Colo. 151, 563 P.2d 939 (1977)). No such relationship exists here. There was no contract to that effect. Nor are any other facts present justifying imposition of the onerous burden of indemnification. We therefore conclude that the court of appeals was correct in denying Tex–Ark's claim of indemnity.[1]

---

1. Because we hold that no legal relationship arose creating a right of indemnity, we do not address the constitutionality of a denial of such a right under the exclusive remedy provision of the Compensation Act. *See Williams v. White* *Mountain Construction Co.*, 749 P.2d 423, 426–427 n. 4 (Colo.1988); *Brochner v. Western Ins. Co.*, 724 P.2d 1293, 1298 n. 6 (Colo.1986).

Tex–Ark also claims that the trial court erred when it refused to recognize a right to contribution from Derr for its negligence in the injury to Meeker. This issue was decided in *Williams v. White Mountain Construction Co.,* 749 P.2d 423 (Colo. 1988). In *White Mountain,* an injured employee sued the subcontractor, White Mountain, alleging that his injuries were caused by the subcontractor's negligence. As in this case, White Mountain sought contribution and indemnity based on the employer's negligence. In dismissing that claim, we stated that "the rule that best incorporates the design of the legislature and fairness to the parties is one denying all claims of contribution from employers who comply with the Compensation Act." *Id.* at 427. The *White Mountain* rule applies to Tex–Ark even though Tex–Ark is being sued under a strict products liability theory because, in both cases, a third party is attempting to transfer liability to an employer based on employer negligence, which is prohibited by the exclusive remedy provision of the Compensation Act. We therefore conclude that the court of appeals was correct in denying Tex–Ark's claim for contribution.

Affirmed.

ROVIRA, J., does not participate.