M.R. WATTERS and Les
Bretzke, Plaintiffs,

v.

PELICAN INTERNATIONAL, INC.
f/d/b/a Eskay Plastics Ltd., a
Canadian Corporation, Defendant.

Civ. A. No. 88–F–1305.

United States District Court,
D. Colorado.

Feb. 17, 1989.

See also 706 F.Supp. 1442.

Miles C. Cortez, Jr., Christopher T. Macaulay, Cortez and Friedman P.C., Denver, Colo., for plaintiff M.R. Watters.

Deana R. Willingham, Madden and Strate P.C., Wheat Ridge, Colo., for plaintiff Les Bretzke.

Scott S. Barker, Michael S. Beaver, Fred Galves, Holland and Hart, Englewood, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs seek recovery in contribution for a judgment entered against them in prior litigation in this court. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. Defendant Pelican International Inc. ("Pelican") contends that plaintiffs cannot state a claim upon which relief could be granted because Colorado's Proportionate Fault Statute prevents proof of a necessary element of a contribution claim by abolishing the common law doctrine of joint and several liability. *See* Colo.Rev. Stat. § 13–21–111.5. The issue before the court is whether, as a matter of law, the Proportionate Fault Statute prevents parties from stating a claim for contribution when they have failed to formally designate a non-party at fault in the underlying action. For the reasons stated below, the court finds that it does not create a bar to contribution claims. Defendants motion to dismiss is DENIED.

### I.

Plaintiffs Watters and Bretzke were defendants in *Diane Geringer v. Wildhorn Ranch, Inc., et al.,* Civil Action No. 87–F–1213 (D.Colo. Nov. 14, 1988). In that matter, the jury found Watters and Bretzke liable in tort for compensatory and punitive damages arising from personal injuries suffered by Diane Geringer and her daughter and from the deaths of her husband and son. The accident occurred while the Geringer family was riding a paddleboat provided at a guest ranch operated by Watters and Bretzke. The boat sank. Watters and Bretzke allege that Pelican is also liable for those injuries as manufacturer of the paddleboat.

█ The parties agree that plaintiff's complaint alleges that defendants are liable in contribution pursuant to the Colorado Contribution Among Joint Tortfeasors Statute for an amount commensurate with the proportion of fault attributable to the manufacturer of the boat. *See* Colo.Rev.Stat. § 13–50.5–102. Pelican contends that the Colorado Proportionate Fault Statute provides for resolution of relative fault in one action and that alleged joint tortfeasors not joined or designated in that action are not liable for contribution claims in a subsequent action. The court finds that since the Proportionate Fault Statute does not abolish the concept of common liability, a party held liable for damages in prior tort litigation is not precluded from bringing an action for contribution against joint tortfeasors not joined or designated in the prior action.

## II.

■ Under the Contribution Statute, a tortfeasor who has paid more than his pro rata share of the common liability may recover contributions from other tortfeasors for the amount paid in excess of that share. Colo.Rev.Stat. § 13–50.5–102(2); *see also Brochner v. Western Ins. Co.*, 724 P.2d 1293, 1298 (Colo.1986); *Kussman v. City and County of Denver*, 706 P.2d 776, 780 (Colo.1985). The Contribution Statute provides "where two or more persons become jointly or severally liable in tort for the same injury ... there is a right of contribution among them even though judgment has not been recovered against all or any of them." Colo. Rev.Stat. § 13–50.5–102(1).

■ Pelican contends that it is not "jointly and severally liable," and therefore, not liable under the Contribution Statute, because of the operation of Colorado's Proportionate Fault Statute. The statute, enacted in 1986 as part of Colorado's tort reform, provides that no defendant shall be liable for an amount greater than the amount represented by the percentage of fault attributable to him. Colo.Rev.Stat. § 13–21–111.5(1). The statute calls for the jury to apportion fault among all plaintiffs and defendants as well as non-parties designated by defendants as being a cause of the injuries of which plaintiffs complain. A defendant is liable only for that percentage of plaintiffs' damages which equals that portion of fault attributable to him. *See* Colo.Rev.Stat. § 13–21–111.5. A defendant may designate non-parties as of right for ninety (90) days after a suit has been filed, but must seek leave of the court to designate out of time. Colo.Rev.Stat. § 13–21–111.5(3)(b). This mechanism has been interpreted as "abolishing" the common law doctrine joint and several liability. *Brochner*, 724 P.2d at 1299 (Colo.1986); *Williams v. White Mountain Const. Co.*, 749 P.2d 423, 429 (Colo.1988); Laugesen, *Tort Reform 1986–88*, p. 2 (Colo.Judicial Conf.1988); Laugesen, *Colorado's Relative Fault System*, pp. 9–12 (Colo.Judicial Conf. 1988); Benson, *New Role for Non-parties*

*in Tort Actions—The Empty Chair*, 15 Colo.Lawyer 1650, 1650 (1986).

## III.

In *Geringer*, these plaintiffs attempted to designate Pelican as a non-party nine months after suit was filed. Leave was denied because they had failed to show that extension of the designation period was necessary to that litigation. Pelican contends this failure creates a legal bar to any subsequent action for contribution. Pelican contends (1) joint and several liability is a prerequisite to a claim for contribution, (2) joint and several liability has been abolished in Colorado, and therefore (3) a party not designated or joined in the primary litigation can not be held liable as a joint tortfeasor in subsequent litigation. Each of these propositions misinterprets the case law and statutes at issue.

■ *First*, case law and the Contribution Statute do not require that tortfeasors must be found jointly *and* severally liable before they enjoy a right of contribution. The right to contribution may be invoked when a party shows that he or she is "jointly *or* severally liable." Colo.Rev. Stat. § 13–50.5–102(1); *see also Kussman v. City and County of Denver*, 706 P.2d 776, 780 (Colo.1985); *Tex–Ark Joist Co. v. Derr & Grunewald Construction Co.*, 719 P.2d 384, 385 (Colo.App.1986), *aff'd*, 749 P.2d 431 (Colo.1988); *Greer v. Intercole Automation Co.*, 553 F.Supp. 275, 276 (D.Colo.1982). In our view and the view of tort reform commentators, the Proportionate Fault Statute establishes a pure several liability regime. *See* Laugesen, *Colorado's Relative Fault System*, pp. 9–12 (Colo.Judicial Conf.1988); Pressler, *Joint and Several Liability: A case for Reform*, 64 Den.U. L.Rev. 651, 682 (1988). The statute does not abolish the legal principle that two or more parties may concurrently cause one injury to a plaintiff. *See* 3 Harper, James & Gray, The Law of Torts § 10.1, p. 3 (1986) (distinguishing joint torts from injuries caused by joint tortfeasors). The statute simply provides a mechanism by which one party may avoid compensating a victim for the portion of that injury attributable

to the concurring acts of another tortfeasor. Colorado's Proportionate Fault Statute lessened the need for joint tortfeasors to litigate pro rata shares between themselves in subsequent actions. *Williams v. White Mountain Const. Co.*, 749 P.2d 423, 429 (Colo.1988); *Brochner v. Western Ins. Co.*, 724 P.2d 1293, 1299 (Colo.1986); *see also* 5 Pringle, Colo.Law Ann. 367, 383–84 (1986) ("Under C.R.S. § 13–21–111.5 ... there will rarely be a need for further adjustment between defendants through the device of contribution."). It is not dispositive of a defendant's right to seek contribution from a joint tortfeasor in a subsequent action upon showing that party to be severally liable.

*Second,* Pelican's interpretation of the statute also turns on the presumption that abrogation of the common law doctrine of joint and several liability prevents establishing relative degrees of fault through a subsequent action if a party has failed to designate non-parties through the Proportionate Fault Statute. It is clear that the statute has obviated the need for a subsequent contribution action between joint tortfeasors:

> Tortfeasors sued by injured [plaintiffs] are now able to present evidence of employer liability at trial so as to reduce whatever damages may be assessed against them to a level proportionate to their liability. The problem of one tortfeasor bearing disproportionate liability has now been eliminated without requiring contribution ...

*Williams,* 749 P.2d at 429 (Colo.1988); *see also Brochner,* 724 P.2d at 1299; Laugesen, *Tort Reform,* p. 2; Laugesen, *Relative Fault,* p. 21 n. 93; Benson, 15 Colo.Lawyer at 1654. The Proportionate Fault Statute and authorities analyzing its language and legislative history are silent as to the effect failure to designate has on statutory rights of contribution.

■ Where a statute is silent as to a particular issue, questions of interpretation are illuminated by legislative intent. *Williams,* 749 P.2d at 428. Indicia of legislative intent is the plain and ordinary meaning of the language employed. *People ex rel. Marks v. District Court,* 420 P.2d 236, 241 (Colo.1966); *Greer,* 553 F.Supp. at 277. The Colorado Proportionate Fault Statute recognizes the continued viability of the Contribution Statute in some circumstances. The statute specifically preserves joint and several liability when the additional element of concerted activity between named and designated parties is proven. Colo.Rev.Stat. § 13–21–111.5(4). Logically, existing statutory remedies remain applicable in those circumstances. The Contribution Statute does not prevent a party found liable in tort from subsequently litigating the fact that he is severally liable along with other joint tortfeasors. *National Farmers Union Property & Casualty Co. v. Frackelton,* 662 P.2d 1056, 1056 (Colo. 1983); 5 Pringle, Colo.Law Ann. 367, 382 (1986). Similarly, the Proportionate Fault Statute does not prevent a non-party from re-litigating the proportion of fault attributable to him if an injured party seeks to hold that non-party liable in a subsequent action. Colo.Rev.Stat. § 13–21–111.5(3)(a). Presumably, a non-party may persuade a subsequent jury that in fact she was not liable for plaintiff's injuries. *See* Benson, *New Role for Non-parties in Tort Actions—The Empty Chair,* 15 Colo.Lawyer 1650 (1986).

■ The factual backdrop of the case demonstrates another instance where the statute necessarily recognizes that a party's status as a joint tortfeasor can be litigated in a subsequent action. Under the statute, a defendant may be prevented from litigating the relative fault of joint tortfeasors in the first action. The statute requires that designation must be based on factual inquiry and is subject to sanctions for frivolous or groundless actions imposed by Colo.Rev.Stat. § 13–17–102. *See* Colo. Rev.Stat. 13–21–111.5(3)(b). The natural course of litigation may prevent a defendant from developing a well-founded designation until after the 90–day designation period has run. A court may find, however, that the burden untimely designation imposes on the efficient progress of litigation outweighs the need for designation demonstrated by a defendant and deny a motion to designate out of time. *See* Colo.

Rev.Stat. § 13–21–111.5(3)(b).[1] Under Pelican's interpretation of the statute, either courts would be required to permit unfettered designation out of time or defendants would be compelled to name all prospective non-parties, risking sanctions and burdening the litigation with unnecessary discovery. Such a rule would defeat the goals of administrative fairness and convenience underlying Colorado's designation statute. *See* Pressler, *Joint and Several Liability: A case for Reform,* 64 Den.U.L.Rev. 651, 682 (1988).[2] Accordingly, the plain language of the statute does not provide an exclusive mechanism for litigating the relative fault of all joint tortfeasors.

Another indicia of legislative intent is the legislative history of the statute itself. The primary purpose of the statute was to abolish the harsh effects of joint and several liability—the doctrine allowed a solvent defendant minimally at fault to bear the full burden of judgment where the tortfeasor to whom the major portion of fault was attributable was either insolvent or otherwise unavailable. *Brochner,* 724 P.2d at 1299 ("a tortfeasor no longer may unfairly be forced to pay all or a disproportionate share of damages suffered by a party injured by two or more joint tortfeasors."); *see also Watson v. Regional Transportation District,* 762 P.2d 133, 140 (Colo.1988); Laugesen, *Colorado's Relative Fault System,* pp. 9–12 (Colo.Judicial Conf.1988) Benson, *New Role for Non-parties in Tort Actions—The Empty Chair,* 15 Colo.Lawyer 1650, 1650 (1986); Report of the Special Task Force on Tort Liability and Insurance, *Liability Insurance and the Law of Torts in Colorado: Problems and Remedies* (1986); *see also* Pressler,

*Joint and Several Liability,* 64 Den.U.L. Rev. at 682. If contribution actions of tortfeasors who failed to designate were barred as a matter of law, a defendant would be forced to bear more than his proportionate share of the injury. This result directly conflicts not only with the overriding purpose of the Proportionate Fault Statute, but with the equitable purposes of the Contribution Statute. *See Brochner,* 724 P.2d at 1299 ("The principle of proportionate fault adopted by the General Assembly represents a rational and equitable approach to the problem of allocating ultimate responsibility between or among joint tortfeasors for the payment of damages to an injured party."); *see also Watson,* 762 P.2d at 140; *Kussman v. City and County of Denver,* 706 P.2d 776, 778–80 (Colo.1985); *National Farmers Union Property & Casualty Co. v. Frackelton,* 662 P.2d 1056, 1058 (Colo.1983); Laugesen, *Relative Fault,* p. 41. The observation that the statute makes contribution actions unnecessary is based on a presumption that does not apply to this action—the fault of plaintiffs Watters and Bretzke relative to that of defendant Pelican has yet to be litigated.

Under the statute, a defendant could be held liable for the negligent acts of joint tortfeasors who are neither designated nor joined in the first action. The statute creates circumstances in which a defendant may be prevented from resolving issues of joint liability in one action. Thus, it creates a need for defendants who do not designate or join non-parties in the first action from litigating common liability in a subsequent contribution action. A statute designed to protect a party from bearing more than its

---

1. Pelican supplemented its motion to dismiss the original complaint with a copy of the minute order denying the motion to designate out of time in the first case. To the extent that the order does not contradict the allegations of the amended complaint, the exhibit does not convert the matter at hand from a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. The issue before the court is whether the Proportionate Fault Statute creates a statutory bar to contribution claims against alleged joint tortfeasors not designated in the prior action.

2. Pelican contends that permitting a defendant to refrain designating a non-party would "emasculate" the statutory goal of resolving all liability in one action. We disagree. *First,* the statute presumes the proportion of fault attributed to a non-party will be retired in a subsequent action. *See* Colo.Rev.Stat. § 13–21–111.5(3)(a). Furthermore, the cost and burden of pursuing a contribution action remain as strong incentives for a defendant to designate a non-party and shift the burden of obtaining judgment against that party to the plaintiff.

proportionate share of damages cannot be read to implicitly bar to alternative forms of relief from the same injustice.

## IV.

 In addressing defendant's motion to dismiss, the well-pleaded allegations of plaintiff's complaint are accepted as true. *Shoultz v. Monfort of Colorado, Inc.*, 754 F.2d 318, 321 (10th Cir.1985), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986). A complaint should only be dismissed if plaintiff can prove no set of facts which would entitle it to relief. *Id.*

 Watters and Bretzke allege that they have been held liable for the negligent acts of a joint tortfeasor, namely Pelican. Barring their ability to litigate the issue would contradict the policies of both the Proportionate Fault and Contribution Statutes by forcing these plaintiffs to bear a greater portion of damages arising out of the underlying litigation than attributable to them under principles of relative fault. Plaintiffs further allege that in the underlying case their motion to file designation of non-party Pelican and motion to join Pelican were denied as untimely. In these circumstances, the statute does not extinguish plaintiffs' ability to invoke statutory rights of contribution by proving that Pelican is severally liable in tort for the *Geringer* judgment. On these facts alone, the statute does not require that such a plaintiff has waived his rights to contribution as a matter of law. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Amended Complaint is DENIED; it is further

ORDERED that Defendant Pelican International, Inc., is DIRECTED to answer or otherwise respond to the Amended Complaint within ten (10) days of this Order.