Dewayne **FRY** and Luella **Fry,** Plaintiffs,

v.

The **BOARD OF COUNTY COMMIS-SIONERS OF THE COUNTY OF BACA, et al.,** Defendants.

Civ. A. No. 88–F–1788.

United States District Court,
D. Colorado.

Nov. 6, 1991.

Joseph M. Montano, Leslie A. Fields, Russell O. Stewart, Faegre & Benson, Denver, CO, for plaintiffs Dewayne Fry, Luella Fry, Dallas Fry and Lisa Fry.

James W. Avery, Greengard, Senter, Goldfarb & Rice, Denver, CO, for defendant The Board of County Com'rs of the County of Baca, State of Colorado.

Michael T. Mitchell, Mitchell, Howell & Hill, Parker, CO, for defendants R.L. Turner, J.B. Boaldin and V.E. Moore.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on the following motions: the Motion for Summary Judgment filed on September 6, 1991, by Defendants Baca County and the Baca County Commissioners, Donald Self and Roy Brinkley ("County Defendants"); and the Motion to Dismiss, With Authority, filed June 26, 1991, by Defendants Richard Leo Turner, John B. Boaldin, Verne E. Moore, and Dan Witcher (hereinafter "Landowner–Defendants"). The dispositive motions have been fully briefed by the litigants. Jurisdiction is based on 28 U.S.C.A. § 1331 (West Supp.1991). We first address the Motion for Summary Judgment. For the reasons stated below, the Motion for Summary Judgment is GRANTED IN PART, DENIED IN PART.

## I.

### BACKGROUND

Plaintiffs own large tracts of land in Oklahoma and in Southeastern Colorado, near the Oklahoma border.[1] The Colorado tracts were purchased by Plaintiffs in 1985. The

---

1. All factual recitations in this Order have been alleged in the litigants' pleadings.

Colorado and Oklahoma tracts are not contiguous. In October 1985, Plaintiffs sought to open a section line as a road through Baca County, Colorado, between their Colorado properties and the Oklahoma property. On October 7, 1985, the Baca County Board of County Commissioners ("Board") denied Plaintiffs' request. The proposed road was to be built on the property of other landowners. Upon objection of the affected landowners, the Board refused to allow construction of the road.

During the fall and summer of 1986, Baca County Commissioner Donald Self ("Self") ran for re-election. Plaintiffs actively opposed the re-election of Commissioner Self and supported the candidacy of Harry Patrick. Plaintiffs became actively involved in the campaign, allowing their names to be prominently displayed in newspaper advertisements and political literature. During the campaign, the Board's road maintenance record and its refusal to open the section line as a road became major campaign issues. Commissioner Self won re-election.

Meanwhile, Plaintiffs had brought an action in the District Court for the County of Baca. On November 13, 1986, the court issued a judgment declaring that a public roadway had already been designated by Baca County over the land in 1911, and that appropriate Board action was required to vacate the roadway. *Fry v. The Board of County Commissioners*, 85–CV–79 (District Court, County of Baca, November 13, 1986). On December 18, 1986, the Board received a petition from the adjoining landowners to vacate the roadway. On December 31, 1986, the roadway was vacated by Board resolution.

On April 3, 1987, Plaintiffs filed an action in state court, seeking to have the resolution declared illegal. On October 31, 1988, Plaintiffs filed a seven count complaint to commence the present action in federal district court. On March 3, 1989, we entered an order (1) that denied the Landowner–Defendants' motion to dismiss, and (2) that administratively closed the federal action pending the outcome of the state court action. *Fry v. The Board of County Commissioners of the County of Baca*, slip op. 88–F–1788 (March 3,

1989). On August 28, 1989, Plaintiffs filed an *England* petition in the state court to preserve their federal claims for federal court disposition. *See England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 415–17, 84 S.Ct. 461, 464–66, 11 L.Ed.2d 440 (1964). On December 18, 1990, the state court issued an order finding in favor of the Defendants. *Fry v. The Board of Commissioners of the County of Baca*, 87–CV–4 (District Court, County of Baca, December 18, 1990). We then granted Plaintiffs' Motion to Reopen Case, filed March 14, 1991.

## II.

### STANDARD OF REVIEW FOR SUMMARY JUDGMENT

■ Granting summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Ash Creek Mining Co. v. Lujan*, 934 F.2d 240, 242 (10th Cir.1991); *Metz v. United States*, 933 F.2d 802, 804 (10th Cir.1991); *Continental Casualty Co. v. P.D.C., Inc.*, 931 F.2d 1429, 1430 (10th Cir. 1991); *Sierra Club v. Lujan*, 931 F.2d 1421, 1423 (10th Cir.1991). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990); *Vaske v. DuCharme, McMillen & Assocs., Inc.*, 757 F.Supp. 1158, 1160 (D.Colo.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Dayco Prods., Inc.*, 758 F.Supp. 630, 631 (D.Colo. 1990).

■ In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Newport Steel Corp. v. Thompson*, 757 F.Supp. 1152, 1155 (D.Colo. 1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel*

*Supply v. Reliance Ins. Co.,* 933 F.2d 882, 889 (10th Cir.1991); *Continental Casualty Co.,* 931 F.2d at 1430.

██ In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of Rule 56(c) does not require the moving party to show an *absence* of issues of material fact in order to be awarded summary judgment. That is, Rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2553. Rather, the moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

██ Once the movant has made an initial showing, the burden of proof shifts to the opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23, 106 S.Ct. at 2552–53. The nonmovant must go beyond the pleadings and designate specific facts showing that there are genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan,* 931 F.2d 636, 639 (10th Cir.1991). Conclusory allegations will not establish an issue of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.,* 823 F.2d 1395, 1398 (10th Cir.1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. Similarly, in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of the evidence presented in the motion and the response.

In the instant action, we find that there are genuine issues of material fact with respect to Defendant Baca County. Among others, these justiciable issues remain: whether there were violations of the first amendment, the fourteenth amendment due process clause, and the fourteenth amendment equal protection clause. Defendant Baca County is not entitled to judgment as a matter of law.

We also find that the individual commissioners, Defendants Self and Brinkley, enjoy absolute legislative immunity for their actions. Accordingly, Defendants Self and Brinkley are entitled to summary judgment as a matter of law.

### III.

### RES JUDICATA

██ The movants contend that the present action is barred by the doctrine of res judicata. We disagree.

In *England,* 375 U.S. at 415–17, 84 S.Ct. at 464–66, the Supreme Court held that plaintiffs have a right to return to federal court to litigate federal claims after an authoritative state court ruling is received on issues that formed the basis of the federal court's abstention. The *England* Court provided that a party could expressly reserve the right to relitigate federal issues in federal court by giving notice to the state court. *Id.* at 421–22, 84 S.Ct. at 467–68. If a party voluntarily litigates federal issues in the state proceeding, however, res judicata bars relitigation in the federal courts. *Id.* at 417–19, 84 S.Ct. at 466–67; *accord Fisher v. Civil Serv. Comm'n of Salt Lake City, Utah,* 484 F.2d 1099, 1100–01 (10th Cir.1973).

Additionally, in *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 194–97, 105 S.Ct. 3108, 3120–22, 87 L.Ed.2d 126 (1985), the Supreme Court concluded that a federal court challenge to state zoning laws under the takings and due process clauses did not become ripe prior to plaintiffs obtaining a definitive ruling from state authorities under state inverse condemnation law. The *Williamson County* Court expressed a preference for litigating state "takings" issues at the state level first. *Id.*

Here, Plaintiffs' state court amended complaint uses some language to suggest an intent to litigate federal issues in the state court. Plaintiffs, however, filed an *England* petition. In addition, the state court opinions we have examined indicate that the issues adjudicated at the state level were limited to questions of state law. Accordingly, we conclude that res judicata does not bar litigation of Plaintiffs' federal causes of action.

## IV.

### ABSOLUTE IMMUNITY

The County Defendants assert that they are entitled to legislative absolute immunity from suit under § 1983. We agree that the individual commissioners enjoy absolute legislative immunity. Defendant Baca County, however, cannot claim absolute immunity.

### A. ABSOLUTE IMMUNITY FOR COMMISSIONERS

■ The Supreme Court has held that members of federal and state legislatures enjoy absolute immunity from civil damages actions when acting within "the sphere of legitimate legislative activity." *Tenney v. Brandhove*, 341 U.S. 367, 376, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951). In *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 405–06, 99 S.Ct. 1171, 1179–80, 59 L.Ed.2d 401 (1979), the Court extended absolute immunity to regional legislators for damages actions. In *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 731–34 and n. 10–11, 100 S.Ct. 1967, 1974–75 and n. 10–11, 64 L.Ed.2d 641 (1980), the Court held that legislative absolute immunity barred declaratory and injunctive relief, as well as damages actions.

Although the Supreme Court declined to address whether local and municipal legislators should be afforded absolute immunity from federal damages claims, most circuits have extended absolute immunity to local legislators. *See, Haskell v. Washington Township*, 864 F.2d 1266 (6th Cir.1988); *Aitchison v. Raffiani*, 708 F.2d 96, 98–99 (3d Cir.1983); *Reed v. Village of Shorewood*, 704 F.2d 943, 952–53 (7th Cir.1983); *Espanola*

*Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir.1982), *cert. denied*, 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 791 (1983); *Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1349–50 (9th Cir.1982); *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir.1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); *Bruce v. Riddle*, 631 F.2d 272, 274–78 (4th Cir.1980); *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607, 613–14 (8th Cir.1980).

The Tenth Circuit has not addressed this issue. However, the district courts within the Tenth Circuit have concluded that the Circuit would follow the majority of the circuits and extend absolute immunity to local legislators performing legislative functions. *Figures v. Board of Public Utils. of Kansas City*, 731 F.Supp. 1479, 1483 (D.Kan.1990); *Miller v. Campbell County*, 722 F.Supp. 687, 696 (D.Wyo.1989); *Ditch v. Board of County Comm'rs of the County of Shawnee*, 650 F.Supp. 1245, 1247–48 (D.Kan.1986).

■ The Commissioners sit as a constitutional office vested with executive, legislative, and quasi-judicial powers. *Beacom v. Board of County Comm'rs*, 657 P.2d 440, 445 (Colo. 1983); Colo. Const. Art. XIV, § 6. The question of whether a governing body's actions are legislative, administrative, or quasi-judicial is an issue of state law. *Abraham v. Pekarski*, 728 F.2d 167, 174 (3d Cir.), *cert. denied*, 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984).

The Colorado Legislature delegated to County Commissioners the power to lay out, alter, or discontinue any road within their county's jurisdiction. Colo.Rev.Stat.Ann. § 30–11–107(h) (Bradford 1986 & Supp.1991) and 43–2–303(1)(b) (Bradford 1984 & Supp. 1991). According to the Colorado courts, the vacating of a roadway is a legislative act. *Sutphin v. Mourning*, 642 P.2d 34, 35–36 (Colo.App.1981); *accord LeSatz v. Deshotels*, 757 P.2d 1090, 1092 (Colo.App.1988).

Here, nothing indicates that the Commissioners did anything other than perform their legislative functions. The Commissioners convened and voted to vacate a roadway. Colorado courts hold that such acts clearly fall within the legislative powers of the County Commission.

■■■ Absolute immunity for legislators is limited to legislative acts. For administrative and quasi-judicial acts, officials may only invoke a qualified immunity defense. *Haskell,* 864 F.2d at 1277. As a general matter, when a governing body renders a decision based on "legislative facts," such as "broad generalizations concerning a policy or state of affairs," the decision is legislative. *Cutting v. Muzzey,* 724 F.2d 259, 261 (1st Cir. 1984). But, when a governing body renders a decision based on more specific facts relating to particular individuals and situations, the decision is generally administrative. *Id.*

■■■ Beyond such generalizations, court decisions aptly illustrate the distinction between legislative and non-legislative acts. Actions that affect only one person cannot be deemed legislative acts. For example, the hiring and firing of employees never amounts to a legislative act. *Considine v. Board of County Comm'rs of the County of Adams,* 910 F.2d 695, 702 (10th Cir.1990); *Miller v. City of Mission,* 705 F.2d 368 (10th Cir.1983). Similarly, a zoning decision relating only to a single parcel of land is not a legislative act. *Cutting,* 724 F.2d at 260–62; *Barbaccia v. County of Santa Clara,* 451 F.Supp. 260, 267 (N.D.Cal.1978).

Plaintiffs rely heavily upon *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310 (9th Cir. 1989). That case is inapposite to the case at bar. *Soranno's Gasco* involves the suspension of certain permits allegedly for retaliatory reasons. *Id.* at 1312. Permit suspensions clearly come within the sphere of quasi-judicial or administrative and not legislative acts. *See Reed,* 704 F.2d at 951. In *Soranno's Gasco,* therefore, the court never addressed the issue of legislative absolute immunity.

In this case, we conclude that the Commissioners engaged in legislative acts, and therefore, are entitled to absolute immunity. Unlike the zoning cases that relate to a single parcel of land, *see Cutting,* 724 F.2d at 260–62; *Barbaccia,* 451 F.Supp. at 267, this case involved a designated road that crossed the land of a number of Baca County landowners. The decision whether or not to open the road impacted not only Plaintiffs, but other landowners as well. Both Plaintiffs and the other affected landowners expressed their positions to the County Commission, and the Commission acted favorably toward the other landowners. These facts indicate that a legislative process was at work.

Furthermore, it is undisputed that the issue of whether to open the road in question became a hotly contested issue in Commissioner Self's 1986 re-election campaign. The fact that the road became an issue in a political campaign indicates the "legislative" character of the proceeding, based upon general interest in the outcome.

The Court will not second-guess the conclusion of the Colorado courts as to the meaning of Colorado law. The Colorado courts have held unequivocally that, under Colorado law, the vacating of a roadway is a legislative act. *Sutphin,* 642 P.2d at 35–36; *accord LeSatz,* 757 P.2d at 1092. In this instance, we find no basis for upsetting the clear precedent of the Colorado courts.

Finally, we address the issue of retaliatory motives alleged by Plaintiffs. Plaintiffs assert that the Commissioners vacated the roadway in retaliation for their political opposition to Commissioner Self's re-election. We decline to consider the motivation behind legislative acts.

The Supreme Court has articulated sound policy reasons in favor of legislative absolute immunity. In *Tenney,* 341 U.S. at 377, 71 S.Ct. at 788, Justice Frankfurter observed that:

> Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators. The privilege would be of little value if they could be subjected to the cost and inconvenience and distractions of a trial judgment against them based upon a jury's speculation as to motives. The holding of this Court in *Fletcher v. Peck,* 6 Cranch 87, 130, [3 L.Ed. 162], that it was not consonant with our scheme of government for a court to inquire into the motives of legislators, has remained unquestioned.

*Accord Lake Country Estates,* 440 U.S. at 405, 99 S.Ct. at 1179.

In furtherance of rationale enunciated in *Tenney* and reiterated in *Lake Country Estates,* we conclude that it is not within the

province of the Court to inquire into the motives of legislators who engage in legislative acts. Because we have found that the acts taken by the Commissioners were legislative acts, no inquiry into motivation is warranted.

Therefore, we conclude that the Commissioners enjoy absolute immunity for the legislative acts taken in vacating the roadway at issue in this case. Accordingly, the Motion for Summary Judgment relative to Plaintiffs' federal claims against Defendants Self and Brinkley is GRANTED.

### B. NO ABSOLUTE IMMUNITY FOR COUNTY

▆▆▆ Defendant Baca County is not entitled to absolute immunity protections. Absolute legislative immunity applies to individuals, not to entities. *Lake Country Estates*, 440 U.S. at 405–06, 99 S.Ct. at 1179–80. Indeed, section 1983 contemplates suits against municipalities. *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690–92, 98 S.Ct. 2018, 2035–37, 56 L.Ed.2d 611 (1978). Accordingly, we conclude that Baca County cannot invoke an absolute immunity defense.

### V.

### GENUINE ISSUES AGAINST BACA COUNTY

▆▆▆ The Court finds that Plaintiffs raise genuine issues of material fact in their allegations against Baca County. Among others, these justiciable issues remain: alleged violations of the first amendment, the fourteenth amendment due process clause, and the fourteenth amendment equal protection clause. Defendant Baca County is not entitled to judgment as a matter of law under Fed. R.Civ.P. 56. Accordingly, the Motion for Summary Judgment is DENIED insofar as it relates to Defendant Baca County.

### VI.

### LANDOWNER–DEFENDANT'S MOTION TO DISMISS

Next, we address the Motion to Dismiss, With Authority, filed June 26, 1991, by Defendants Richard Leo Turner, John B. Boaldin, Verne E. Moore, and Dan Witcher, the Landowner–Defendants. For the reasons stated below, the Motion to Dismiss is DENIED.

### VII.

### STANDARD OF REVIEW FOR MOTIONS TO DISMISS

The Landowner–Defendants allege that Plaintiffs have failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Under Fed.R.Civ.P. 8(a)(2), plaintiffs are required to offer a short and plain statement of the claims against defendants. This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069–70 (D.Colo.1991).

▆▆▆ A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990); *Shoultz v. Monfort of Colo., Inc.*, 754 F.2d 318, 321 (10th Cir.1985); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984); *Federal Deposit Ins. Corp. v. Wise*, 758 F.Supp. 1414, 1416 (D.Colo.1991); *Golf Shots, Inc. v. Time Warner, Inc.*, No. 90–F–2131, slip op. at 2, 1991 WL 321026 (D.Colo. January 10, 1991); *Trustees v. Lillard & Clark Const. Co.*, 780 F.Supp. 738, 739–40 (D.Colo. 1990); *Strizich v. Mountain States Tel. and Tel. Co.*, No. 90–F–1660, slip op. at 1, 1990 WL 303164 (D.Colo. October 24, 1990); *Sullivan v. Boettcher & Co.*, 714 F.Supp. 1132, 1134 (D.Colo.1989); *Watters v. Pelican Int'l, Inc.*, 706 F.Supp. 1452, 1458 (D.Colo.1989). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.), *cert. denied*, 493 U.S. 820, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989); *Shoultz*, 754 F.2d at 321; *Sullivan*, 714 F.Supp. at 1134; *Watters*, 706 F.Supp. at 1458. All plaintiffs' pleadings must be liberally construed. *Swanson*, 750 F.2d at 813;

*Wise*, 758 F.Supp. at 1416. As long as plaintiffs offer evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. *Hiatt v. Schreiber*, 599 F.Supp. 1142, 1145 (D.Colo.1984). *Wise*, 758 F.Supp. at 1416.

■ To state a claim under § 1983, plaintiffs must prove that defendants, while acting under color of state law, deprived them of a right secured by the Constitution and laws of the United States. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988). Plaintiffs' complaint can be dismissed only if it alleges no set of facts which would support a federally cognizable § 1983 claim. *Meade*, 841 F.2d at 1526; *Owens v. Rush*, 654 F.2d 1370, 1378–79 (10th Cir.1981); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979); *Miller v. Hawver*, 474 F.Supp. 441, 444 (D.Colo.1979). For the reasons set forth below, the Landowner–Defendants' Motion to Dismiss is DENIED.

### VIII.

### GENUINE ISSUES AGAINST LANDOWNER–DEFENDANTS

■ Viewing the facts in the light most favorable to Plaintiffs, we find that there are genuine issues of material fact with respect to the landowner-plaintiffs. The Court previously denied a similar motion to dismiss in an Order dated March 3, 1989. *See Fry v. The Board of Comm'rs of Baca County*, 88–F–1788, slip op. at 4–5 (March 3, 1989). At that time, we concluded that genuine issues of material fact were raised by Plaintiffs relative to the Landowner–Defendants. Nothing in the Landowner–Defendants' present motion to dismiss operates to change our view. Accordingly, Defendants Richard Leo Turner, John B. Boaldin, Verne E. Moore, and Dan Witcher's Motion to Dismiss, With Authority is DENIED.

### IX.

### ORDER

ACCORDINGLY, it is ordered that:

1) The Motion for Summary Judgment filed by Defendants Baca County and the Baca County Commissioners, Donald Self and Roy Brinkley, is GRANTED IN PART, DENIED IN PART. The motion is GRANTED with respect to the Baca County Commissioners, Donald Self and Roy Brinkley. The motion is DENIED with respect to Baca County.

2) Plaintiffs' claims for relief against Defendants Donald Self and Roy Brinkley, the Baca County Commissioners, are DISMISSED.

3) Defendants Richard Leo Turner, John B. Boaldin, Verne E. Moore, and Dan Witcher's Motion to Dismiss, With Authority is DENIED.

4) Plaintiffs' Motion to File Amended Complaint, filed October 30, 1991, is DEEMED MOOT in light of this Order. Plaintiffs have up to and including **Monday, November 18, 1991** to file an amended complaint.